**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Barry MARQUARDT, Defendant–
Appellant.**

**No. 90–30461.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 11, 1991.

Decided Nov. 13, 1991.

Jane E. Ellis, Portland, Or., for defendant-appellant.

James L. Collins, Asst. U.S. Atty., Portland, Or., for plaintiff-appellee.

Before WALLACE, Chief Judge, and HUG and RYMER, Circuit Judges.

PER CURIAM:

Barry Marquardt appeals the sentence imposed after his plea of guilty to interstate transportation of material involving the sexual exploitation of minors in violation of 18 U.S.C. § 2252. He argues that he should have been given a two-level reduction for acceptance of responsibility under Sentencing Guidelines § 3E1.1, and that the district court's finding that he had not clearly demonstrated acceptance of responsibility was insufficient, without a further statement of reasons, to justify denying the adjustment. Marquardt further contends that the court incorrectly enhanced the offense level under U.S.S.G. § 2G2.2, which provides for a two-point enhancement when pornographic material involves "prepubescent" minors, because "prepubescent" is void for vagueness. We affirm.

I

Marquardt argues that the district court erred because it merely stated in conclusory terms that he failed to manifest acceptance of responsibility. He relies on *United States v. Wells*, 878 F.2d 1232 (9th Cir.1989), and *United States v. Carlisle*, 907 F.2d 94 (9th Cir.1990), to urge that more specific factual findings are required. We hold that a finding of failure to demonstrate a recognition and affirmative acceptance of responsibility is sufficient in the absence of disputed factual issues that are not resolved.

The government agreed as part of the plea agreement in this case to recommend acceptance of responsibility. The probation officer recommended against a reduction because Marquardt had justified

his conduct as research and blamed the authorities for entrapping him. Marquardt filed objections to the presentence report (PSR), submitted a letter, and made a statement at the sentencing hearing indicating that he had not intended to violate the law and that the authorities had "steered" him towards child pornography. He also maintained that his actions were motivated by an academic interest in pornography, and that he had cooperated with the government and acknowledged transferring films.

At the end of the sentencing hearing, the judge stated:

As to acceptance of responsibility. The court concludes that the defendant has not clearly demonstrated a recognition and affirmative acceptance of responsibility for his criminal conduct and that will be that finding.

She also filed a written fact-finding order, which noted Marquardt's objections to the fact that the probation officer did not recommend a reduction in offense level pursuant to § 3E1.1, and reiterated the conclusion that Marquardt had not accepted responsibility.

These statements suffice to indicate that the sentencing court resolved Marquardt's objections. They also constitute a sufficient finding of fact.

The only thing the district court did not do was state reasons for its factual finding. It did not need to do so, however, because there were no predicate issues of fact that were contested but not resolved. *Cf. United States v. Brady*, 928 F.2d 844, 848 (9th Cir.1991) (remanding where there was a dispute about subsidiary facts, the defendant was not on notice that the court might disagree with the PSR recommendation for reduction, and the court on appeal was unable to determine whether any of the considerations qualifying a defendant for adjustment were present).

Neither *Wells* nor *Carlisle* requires an explanation of reasons for the factual finding on acceptance of responsibility. In *Wells*, we held, in accordance with the Sentencing Reform Act, 18 U.S.C. § 3553(c),

that the sentencing court must state specific reasons for imposing a sentence different from that prescribed in the Guidelines. 878 F.2d at 1233. *Wells* is inapplicable, however, because it involved *departures* and tracked the statutory requirement for sentencing outside the guideline range. It does not govern *adjustments*, for which the Sentencing Reform Act makes no requirement of a statement of reasons. *See, e.g., United States v. Sanchez–Lopez*, 879 F.2d 541, 557 (9th Cir.1989) (statement that defendant is not "minor participant" suffices as factual finding). In *Carlisle*, the PSR recommended against a reduction and the defendant objected. The district court determined the guideline range, but said nothing at all about acceptance of responsibility. Under those circumstances, we remanded for more specific findings because we were unable to tell whether the court had considered the defendant's objections. 907 F.2d at 96. By contrast, the district court in this case specifically took note of Marquardt's objections to the PSR's recommendations and made a finding that he had not clearly accepted responsibility.

▪ Marquardt next contends that the district court erred on the merits in refusing to reduce his base offense level. We review the factual determination of acceptance or lack of acceptance of responsibility for clear error.[1] *United States v. Gonzalez*, 897 F.2d 1018, 1019 (9th Cir. 1990). Given Marquardt's own statements about the nature of his conduct, and evidence of his contacts with law enforcement officials which conflicted with his claim of entrapment, we cannot say the district court's finding was without foundation.

## II

▪ Marquardt contends that the term "prepubescent" in U.S.S.G. § 2G2.2(b)(1) is void for vagueness because it merely connotes being too young to be capable of sexual reproduction. He argues that this requires too individualized a determination to pass constitutional muster. He further argues that even if the term is sufficiently clear, the district court applied the wrong standard in finding that prepubescent minors were involved.

Specific offense characteristic (b)(1) provides for a two-level increase in the base offense level for transporting material involving sexual exploitation of a minor "[i]f the material involved a prepubescent minor or a minor under the age of twelve years." U.S.S.G. § 2G2.2(b)(1). The Guidelines do not define "prepubescent."

The PSR recommended the enhancement for prepubescent minors relying on the report of Postal Inspector Groza, which stated that "[a]ll four films contained footage of prepubescent males and females under the age of 18 engaged in sexually explicit conduct." Marquardt objected. The government provided the court with copies of two of the films, and proffered Groza's opinion, based on his training and experience in similar investigations and his use of a scientific scale, that one of the children was "under the age of 12 as well as the fact that puberty has obviously not begun, let alone been completed." Marquardt stipulated that the inspector would so testify and offered no evidence to the contrary. Nothing in the record indicates that an observer could not tell that puberty had not started, or that there are in fact conflicting definitions that would have led someone like Marquardt to believe that these children had reached puberty. Accordingly, there is no basis upon which to find that the guideline is unconstitutionally vague as applied.[2]

---

1. A "sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review...." U.S.S.G. § 3E1.1, comment. (n. 5).

2. Outside the first amendment context, a party may challenge a government measure only if it

is vague as applied to the particular conduct at issue. *Chapman v. United States*, —— U.S. ——, 111 S.Ct. 1919, 1929, 114 L.Ed.2d 524 (1991). Because there is no foundation for a vagueness challenge in this case, we need not decide whether the Sentencing Guidelines may ever be challenged on this ground. *See United States v. Wivell*, 893 F.2d 156, 159–60 (8th Cir.1990).

Marquardt also argues that the postal inspector lacked qualifications to testify as an expert, or should have had different, more scientific credentials; he apparently also contends that the district judge could not properly have determined that a child was prepubescent by watching the films. There is no indication in the record, however, that the information provided by Groza lacked "sufficient indicia of reliability to support its probable accuracy," U.S.S.G. § 6A1.3(a), p.s., or that Groza or the court should have applied a different standard. In light of the uncontradicted evidence, we cannot say the court's finding was clearly erroneous.

AFFIRMED.