976 F.2d 739
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sohrab SAMENI, aka Sam Sameni, Defendant-Appellant.
 No. 91-50845.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 10, 1992.*
Decided Sept. 23, 1992.
 
 Before WIGGINS, KOZINSKI and KLEINFELD, Circuit Judges.
 MEMORANDUM**
 Sameni pled guilty to uttering and possessing counterfeit securities and unlawfully possessing an immigration stamp. 18 U.S.C. §§ 472, 1546(a). The district court sentenced him to twelve months in custody followed by a three-year term of supervised release and a $10,000 fine. Sameni appeals, arguing that the district court erred in (1) enhancing his sentence for obstruction of justice; (2) denying a reduction for acceptance of responsibility; and (3) failing to find that he did not possess the immigration stamps for profit. We affirm in all respects.
 Discussion
 A. Two days before he was indicted, Sameni paid $1.1 million for a two-story home with a yacht slip in an exclusive area of San Diego. A few weeks later he began renting the property for $1900 a month. Because Sameni failed to disclose this information in his presentence financial profile, the district court increased the offense level by two points for obstruction of justice pursuant to U.S.S.G. § 3C1.1. Sentencing Hearing, 12/16/91, Government's ER at 9-11. We review a finding of obstruction of justice for clear error. United States v. Torres-Rodriguez, 930 F.2d 1375, 1389 (9th Cir.1991); United States v. Christman, 894 F.2d 339, 342 (9th Cir.1990).
 When a defendant provides materially false information to a probation officer during a presentence investigation, an obstruction of justice enhancement is proper. U.S.S.G. § 3C1.1 app. note 3(h); see also United States v. Baker, 894 F.2d 1083, 1084 (9th Cir.1990). Material information is that which "would tend to influence or affect the issue under determination." U.S.S.G. § 3C1.1 app. note 5.
 The presentence financial profile requires a defendant to disclose all of his assets and liabilities. The financial information provided is material because it directly affects the determination of the defendant's ability to pay the fine. See U.S.S.G. § 5E1.2(d)(2); see also United States v. Cusumano, 943 F.2d 305, 316 (3rd Cir.1991), cert. denied, 112 S.Ct. 881 (1992). Nonetheless, Sameni maintains that this particular piece of financial information was immaterial because the property in question was a net liability due to the mortgages against it. Thus, argues Sameni, the home could not have affected the determination of his net worth.
 The district court properly rejected this argument. Sameni was asked to list his assets and liabilities separately; thus, he was not entitled to disclose only net financial information. See Presentence Report 5. Moreover, an omission of financial information is never immaterial solely because the defendant believes it would not have impacted his financial picture: The court may increase the offense level simply because of an omission, regardless of the omission's financial significance. "If the court concludes that the defendant willfully misrepresented all or part of his income or assets, it may increase the offense level and resulting sentence." U.S.S.G. § 5E1.2 app. note 6. Despite the fortuity that Sameni's "misrepresentations may not have actually misled the court ... [they] had the potential for obstructing justice and were therefore material for purposes of Sentencing Guidelines § 3C1.1" Baker, 894 F.2d at 1084 (emphasis added).[1]
 Sameni failed to list a recent $1.1 million real estate acquisition that earned $1900 a month in income. Concealment of either the value of the property or the stream of income it produced would have supported an obstruction of justice enhancement. It was not clearly erroneous for the district court to conclude that Sameni withheld material information based on "[t]he fact [that] he bought a piece of property, and it wasn't listed nor identified by him in his financial report." Sentencing Hearing, 12/16/91, Government's ER at 11.
 B. The district court rejected Sameni's request for an acceptance of responsibility reduction because it chose not believe his explanation of the offense. The sentencing court's unique ability to evaluate whether the defendant has accepted responsibility entitles its determination to great deference, U.S.S.G. § 3E1.1 app. note 5; we therefore review only for clear error. United States v. Sanchez, 908 F.2d 1443, 1450 (9th Cir.1990).
 "A defendant who enters a guilty plea is not entitled to a sentencing reduction ... as a matter of right." U.S.S.G. § 3E1.1(c); accord United States v. Gonzalez, 897 F.2d 1018, 1020 (9th Cir.1990). Furthermore, a defendant who receives an obstruction of justice enhancement--as did Sameni--will only receive an acceptance of responsibility reduction in extraordinary cases. U.S.S.G. § 3E1.1 app. note 4.
 
 
 1
 This is not one of those cases. Sameni has a foreign law degree, two American post-graduate degrees and worked (until very recently) as an interpreter in state and federal court. The district court did not act unreasonably in refusing to believe Sameni's defense to the counterfeiting charges, i.e., that he innocently exchanged hundreds of dollars with a stranger in a bank parking lot. See United States v. Marquardt, 949 F.2d 283, 285-86 (9th Cir.1991) (acceptance of responsibility reduction may be denied if district court disbelieves defendant).
 
 
 2
 C. Finally, Sameni challenges the district court's refusal to reduce the offense level for unlawful possession of an immigration stamp "other than for profit." See U.S.S.G. § 2L2.1(b)(1). Sameni bears the burden of proving that a reduction of his sentence is warranted. United States v. Howard, 894 F.2d 1085, 1089 (9th Cir.1990). Even if three points were deducted for not having trafficked in stamps for profit, the combined stamp and counterfeiting counts would still yield an identical sentencing level of thirteen. See U.S.S.G. § 3D1.4. Any error was therefore harmless.
 
 
 3
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 That is not to say that the district court will necessarily find every such omission to be material. The court may conclude, for example, that a particular exclusion of an asset is immaterial in relation to the total amount disclosed and the defendant's overall candor; the materiality of each omission is for the district court to decide. We hold only that an omission is not rendered immaterial simply because it does not make an accounting difference