977 F.2d 593
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth Walter KINCH, JR., Defendant-Appellant.
 No. 91-50832.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1992.*
Decided Sept. 28, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kinch appeals his sentence upon his guilty plea to conspiracy to launder money derived from drug trafficking in violation of 18 U.S.C. §§ 371 and 1957(a), and 31 U.S.C. §§ 5322(a) and 5324(3). He contends that the trial court erred by not reducing his base offense level for acceptance of responsibility. The district court had jurisdiction pursuant to 28 U.S.C. § 1294(1). We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 3
 Kinch first claims that the district court made inadequate findings in denying him a two-point reduction for acceptance of responsibility. He also intimates that the court's failure to make specific findings of fact and to make clear on the record its resolution of disputed matters violated Federal Rule of Criminal Procedure 32(c)(3)(D). Neither argument is correct.
 
 
 4
 The district court is encouraged to make specific findings of fact, and the court "should make clear on the record its resolution of all disputed matters." United States v. Rigby, 896 F.2d 392, 394 (9th Cir.1990). The district court fulfills its obligations "by adopting the conclusions" in the presentence report (Report). United States v. Rosales, 917 F.2d 1220, 1222 (9th Cir.1990); see also United States v. Corley, 909 F.2d 359, 362 (9th Cir.1990) (district court made adequate findings in denying a reduction for acceptance of responsibility when it indicated its acceptance of the government's argument that the reduction should be denied).
 
 
 5
 In the present case, the Report, filed a month before the sentencing hearing, recommended against a reduction for acceptance of responsibility. The probation officer who filed the Report based his recommendation against reduction on discrepancies between the evidence of Kinch's participation in the laundering schemes and Kinch's version of the events. Kinch filed a written objection to the Report, arguing that he was entitled to the reduction. At the sentencing hearing, the district court heard arguments concerning the reduction from Kinch's counsel and from the government. It also heard a statement from Kinch in which he expressed his remorse. At the conclusion of the hearing, the district court stated that "[t]here is no acceptance of responsibility. I agree with the probation officer in that respect."
 
 
 6
 It is clear on this record what the district court decided and why. We accordingly reject Kinch's argument that the district court failed to make sufficient findings. See Corley, 909 F.2d at 362 (district court made adequate findings when "record at sentencing hearing reflects no confusion on anyone's part as to what the district court decided" (internal quotation omitted)).
 
 
 7
 We reject Kinch's Rule 32(c)(3)(D) argument for similar reasons. In Rosales, 917 F.2d at 1222, we held that the district court did not violate Rule 32(c)(3)(D) where the court was presented with a presentence report and defendant's written objections to the report, and where it gave defendant an opportunity to argue at sentencing why he should receive a reduction for acceptance of responsibility. In this case, the court received a presentence report and Kinch's objections, and it heard Kinch's arguments concerning a reduction at the sentencing hearing. As in Rosales, we hold that "[n]o more was required under Rule 32(c)(3)(D)." Id.
 
 
 8
 Kinch next argues that the district court erred in denying him a reduction in his base offense level for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1. Whether a defendant has accepted responsibility for a crime is a question of fact that we review for clear error. Rosales, 917 F.2d at 1222. We will not disturb the district court's determination " 'unless it is without foundation.' " Id., quoting United States v. Smith, 905 F.2d 1296, 1301 (9th Cir.1990). Because "a sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility ... the determination of the sentencing judge is entitled to great deference on review." U.S.S.G. § 3E1.1, comment. (n. 5); see also United States v. Marquardt, 949 F.2d 283, 286 n. 1 (9th Cir.1991).
 
 
 9
 A defendant is entitled to a reduction if he "clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct." U.S.S.G. § 3E.1.1. The defendant bears the burden of proving acceptance of responsibility. United States v. Howard, 894 F.2d 1085, 1090 n. 4 (9th Cir.1990). Kinch argues that the court erred by accepting the Report's recommendation against a reduction for acceptance of responsibility. He claims that he should not be required to accept all of the government's allegations in order to show acceptance of responsibility. He also contends that his contrition is genuine and was sufficiently expressed at the sentencing hearing.
 
 
 10
 We agree with Kinch, as a general matter, that a defendant need not adopt wholesale the government's allegations in order to demonstrate acceptance of responsibility. The Report, however, indicated a significant disparity between the evidence of Kinch's involvement in the laundering schemes and Kinch's version of the events. Although Kinch vigorously denied those allegations that differed from his admissions, the district court was entitled to disbelieve Kinch's denials. Cf. United States v. Ocampo, 937 F.2d 485, 491 (9th Cir.1991) (in rejecting request for reduction based on minor participant status, "district court was entitle to disbelieve [defendant's] self-serving descriptions of his own involvement"). The district court was also entitled to rely, as it did, on the Report and the evidence it contained. The court's determination that Kinch did not accept responsibility thus was not "without foundation." See Rosales, 917 F.2d at 1222.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3