988 F.2d 125
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Craig SMITH, Defendant-Appellant.
 No. 91-50637.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 2, 1993.
Decided Feb. 11, 1993.
 
 Appeal from the United States District Court for the Central District of California, No. CR-90-0497-WDK-09; William D. Kelleher, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before BEEZER, BRUNETTI and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Craig Smith appeals his sentence imposed after his guilty plea to one count of money laundering. He contends the district court erred (1) by enhancing his offense level for obstruction of justice, (2) by not reducing his offense level for being a minor participant, and (3) by refusing to depart downward to eliminate alleged disparity between his sentence and the sentences of his codefendants. We affirm.
 
 FACTS
 
 3
 On November 20, 1988 DEA officers observed Smith, Patrick Johnson, Oscar Mellado, and two other men loading cardboard boxes from the trunk of Smith's car, and boxes and shopping bags from Johnson's car, into a van driven by Mellado. Officers eventually stopped the van in San Diego and discovered that the boxes and bags contained $1.68 million in cash.
 
 
 4
 Patrick Johnson, the ringleader of the organization, and five others were arrested in June 1990. Smith evaded capture until September 20, 1990. On that date, agents located him at an apartment in Gardena, California. Smith left the apartment by car and then returned. When Smith returned and parked in front of the apartment, officers moved their cars to the front and rear of Smith's car. The officers identified themselves as police and approached Smith's car. Smith's passenger surrendered, but Smith attempted to drive away. He backed up and struck a parked car, then drove directly toward the officer in front of the car. The officer shot at Smith twice and jumped out of the way. Smith stopped, backed up and crashed again, and then drove at the officer a second time (drawing a third shot). Smith pulled away, collided with two more vehicles, attempted to flee on foot, and was finally apprehended.
 
 
 5
 Smith later contacted the passenger in the car, Rodney Shears, and attempted to induce Shears to tell officers that Smith and Shears believed they were being robbed by the plainclothes officers who executed the arrest warrant. Smith told the same story.
 
 
 6
 Smith and nine others were charged in a 41-count indictment with various drug offenses, money laundering, and assaulting a federal officer with a dangerous weapon. Smith entered a guilty plea on one count of money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i); all other charges were dropped. At sentencing, the government recommended a reduction in the base offense level for acceptance of responsibility, and an enhancement for obstruction of justice under U.S.S.G. § 3C1.1.[1] Smith requested a downward adjustment for what he argued was his minor participation in the money laundering offense, and a downward departure based on the disparity between his sentence and the sentences of his codefendants. His codefendants were not sentenced under the guidelines. The district court imposed a sentence of 135 months' imprisonment, the lowest end of the guideline range. This appeal followed.
 
 OBSTRUCTION OF JUSTICE
 
 7
 Smith contends the district court improperly enhanced his base offense level for endangering the lives of the arresting officers while attempting to flee. He does not challenge the court's findings of fact, but argues that the facts do not support an enhancement. We review this contention de novo, because "the question whether flight constitutes obstruction of justice 'turns primarily on the legal interpretation of a guideline term.' " United States v. Mondello, 927 F.2d 1463, 1465 (9th Cir.1991) (quoting United States v. Stroud, 893 F.2d 504, 507 (2d Cir.1990)).
 
 
 8
 Smith relies on three cases in which we vacated enhancements for obstruction of justice because flight did not constitute obstruction. In United States v. Christoffel, 952 F.2d 1086 (9th Cir.1991), cert. denied, 112 S.Ct. 1700 (1992), Christoffel led Border Patrol agents on a 25-mile chase before he was apprehended. Id. at 1087. Although "Christoffel endangered the lives of the pursuing agents, the agents at the roadblocks, and the people in the villages he drove through," we reversed the upward adjustment for obstruction of justice, because "[f]leeing from arrest by itself is not covered by § 3C1.1." Id. at 1089. In United States v. Madera-Gallegos, 945 F.2d 264 (9th Cir.1991), the "Gallegos ... fled to Mexico immediately after the drug deal turned sour. There is no evidence that, once found [after nine months at large], they made any efforts to impede authorities." Id. at 268. We held that the obstruction of justice adjustment could not be applied on these facts. Id. In United States v. Garcia, 909 F.2d 389 (9th Cir.1990), when an officer attempted to restrain Garcia he "bolted into a nearby field. The officers gave pursuit. In the middle of the field Garcia surrendered." Id. at 390-91. We vacated the sentence because " 'mere flight in the immediate aftermath of a crime' does not justify the enhancement." Id. at 392.
 
 
 9
 The government relies on Mondello to support its position that the adjustment was proper. In Mondello, "[f]or two weeks prior to his final arrest Mondello played a cat-and-mouse game of avoiding the authorities, though he knew he was expected to surrender himself voluntarily. Moreover ... [he] forced the arresting officers to chase him for over forty minutes before they captured him." 927 F.2d at 1467. We held that these facts constituted more than "mere flight in the immediate aftermath of a crime," id. at 1466, quoting Garcia, 909 F.2d at 392, and affirmed the enhancement.
 
 
 10
 Madera-Gallegos drew a useful distinction between Garcia, upon which Smith relies, and Mondello, which supports the government. While " '[m]ere flight in the immediate aftermath of a crime' is not sufficient to apply the § 3C1.1. adjustment," "flight, coupled with other 'obstructive' conduct, may justify the § 3C1.1 enhancement." Madera-Gallegos, 945 F.2d at 267.
 
 
 11
 Smith's actions constitute flight coupled with other obstructive conduct. He assaulted an officer with a deadly weapon (his car), induced the officer to respond with gunfire, and continued to drive recklessly after he escaped the initial attempt to apprehend him. His arrest followed three months of flight. His actions are more like a "cat-and-mouse game," Mondello, 927 F.2d at 1467, than instinctive flight. Unlike Christoffel, Smith intended to damage life and limb, not merely escape.[2]
 
 
 12
 Additionally, Smith's attempt to induce his passenger, Rodney Shears, to tell a corroborating story about the flight attempt supports a finding of "other obstructive conduct" beyond mere flight. Although the district court did not specifically rely on this ground when it granted the government's request for an enhancement, the general rule is that "we may affirm the district court's action on any ground finding support in the record." Salmeron v. United States, 724 F.2d 1357, 1364 (9th Cir.1983). Moreover, adjustments to a guideline sentence, as opposed to departures, do not require a statement of reasons by the district court. See United States v. Marquardt, 949 F.2d 283, 286 (9th Cir.1991); United States v. Torres-Rodriguez, 930 F.2d 1375, 1390 (9th Cir.1991) (no requirement that court applying obstruction of justice enhancement make specific findings as to which of defendant's statements were perjurious). Therefore, our review is not limited by the district court's stated reasons for finding obstruction of justice.
 
 
 13
 We conclude that the district court did not err by enhancing Smith's sentence for obstruction of justice under U.S.S.G. § 3C1.1.
 
 MINOR PARTICIPANT
 
 14
 Smith contends the district court improperly refused to adjust his offense level to reflect what he contends was his minor participation in the money laundering offense under U.S.S.G. § 3B1.2(b). Smith argues the evidence shows his role was limited to transporting and packing boxes, which makes him far less culpable than his coconspirators who, for example, engaged in sham real estate transactions to hide drug proceeds.
 
 
 15
 "We review a trial court's determination that a defendant is not a minor or minimal participant for clear error." Torres-Rodriguez, 930 F.2d at 1389. "[T]he role adjustment guideline specifically requires the court to adjust only for the defendant's role in the conviction offense, not in charged or uncharged collateral conduct." United States v. Zweber, 913 F.2d 705, 709 (9th Cir.1990).
 
 
 16
 The district court determined that Smith went alone to pick up boxes filled with hundreds of thousands of dollars in cash and then returned to load them into Mellado's van. The court found circumstantial evidence that Smith knew the boxes contained cash. The court concluded that the trust placed in Smith by the conspirators indicated that he was not a minor participant in the transfer of the $1.68 million to Mexico. The court's refusal to adjust the sentence was not clearly erroneous.
 
 DOWNWARD DEPARTURE FOR DISPARATE SENTENCES
 
 17
 Smith contends the district court should have departed downward on the ground that his sentence was disproportionate to the sentences of certain codefendants who were not sentenced under the guidelines. Under United States v. Ray, 930 F.2d 1368, 1373 (9th Cir.1990), a court has discretion to depart downward to correct a disparity between guideline and nonguideline sentences in the same case. A departure is not mandatory.
 
 
 18
 Here, the district court was aware of its authority to depart and nevertheless refused to do so. We lack jurisdiction to review this discretionary refusal to depart. United States v. Morales, 898 F.2d 99, 103 (9th Cir.1990).
 
 
 19
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Smith contends the request for an enhancement was based upon section 3C1.2 (reckless endangerment during flight) rather than section 3C1.1 (obstruction of justice). Although the presentence report refers to the government's request as one under section 3C1.2, the government clarified its position at the sentencing hearing and indicated that the request was based on section 3C1.1. The court's ruling from the bench used the words "reckless endangerment," but it is clear from the record that the court enhanced the base offense level under section 3C1.1. Therefore, we do not reach Smith's contention that imposition of an enhancement under section 3C1.2 violated the Ex Post Facto Clause of the Constitution because section 3C1.2 had not been adopted at the time of Smith's arrest
 
 
 [2]
 Smith contends it is improper to determine his sentence using a count (assault) dropped in exchange for a guilty plea. See United States v. Castro-Cervantes, 927 F.2d 1079 (9th Cir.1990). His argument is illogical in this context. The guidelines do not compel the government to choose between charging the offense that suggests obstruction of justice and not charging the offense so the underlying facts could be used in the sentencing hearing in the event of a plea bargain. Cf. United States v. Fine, 975 F.2d 596 (9th Cir.1992) (en banc) (charged offenses dropped in a plea bargain are relevant to computation of a base offense level, barring a plea agreement which fixes the sentence)