993 F.2d 886
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gary James SPOERLEIN, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mary Grace NADOLSKI, Defendant-Appellant.
 Nos. 92-30269, 92-30285.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided May 13, 1993.
 
 Before: BROWNING, KOZINSKI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gary James Spoerlein and Mary Grace Nadolski appeal their sentences under the United States Sentencing Guidelines following their convictions by guilty plea to possession with intent to distribute approximately 250 grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1). Spoerlein and Nadolski contend that the district court erred by adjusting their offense levels upward for possession of a firearm pursuant to U.S.S.G. § 2D1.1(b)(1) and by failing to make adequate factual findings at sentencing. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 We review de novo application of the Sentencing Guidelines. United States v. Stewart, 926 F.2d 899, 900 (9th Cir.1991). We review for clear error a district court's determination that a defendant possessed a firearm during the commission of an offense. Id.; United States v. Willard, 919 F.2d 606, 609 (9th Cir.1990), cert. denied, 112 S.Ct. 208 (1991).
 
 
 4
 * Possession of Firearm
 
 
 5
 Section 2D1.1(b)(1) requires a two-point increase in a defendant's base offense level for possession of a dangerous weapon, including a firearm, during commission of a narcotics offense. To apply this enhancement, the district court need not find any connection between the firearm and the offense. Stewart, 926 F.2d at 900; Willard, 919 F.2d at 609. Although not required to support the enhancement, the proximity of guns and drugs is usually circumstantial evidence of possession during commission of a drug offense. Willard, 919 F.2d at 610; see United States v. Gillock, 886 F.2d 220, 222-23 (9th Cir.1989) (enhancement upheld where loaded revolver found with drugs in defendant's bedroom closet); United States v. Restrepo, 884 F.2d 1294, 1296 (9th Cir.1989) (enhancement upheld where loaded pistol found in defendant's bedroom and drugs found elsewhere in home). Other evidence, including defendant's admissions, may support the same conclusion. Willard, 919 F.2d at 610.
 
 
 6
 To apply the section 2D1.1(b)(1) enhancement, the government must prove that the defendant had either actual, physical possession or constructive possession of the weapon. United States v. Kelso, 942 F.2d 680, 682 (9th Cir.1991); cf. United States v. Disla, 805 F.2d 1340, 1350 (9th Cir.1986) (constructive possession reflects common sense notion that a person may possess an item that is not on his person at the time of arrest). Constructive possession is knowingly having both the power and intention to exercise dominion and control over an item. United States v. Terry, 911 F.2d 272, 278-80 (9th Cir.1990) (constructive possession proven where defendant knew of gun located in closet which he shared with wife and had unhindered access to it); see United States v. Castillo, 866 F.2d 1071, 1086-88 (9th Cir.1988) (possession proven where defendant had key to apartment and when arrested was alone in locked bedroom containing his clothes, drugs in plain view, and gun under mattress).
 
 
 7
 A defendant's mere proximity to contraband, his presence on property where it is found, or his association with a person having control of it are insufficient to show constructive possession. United States v. Vasquez-Chan, 978 F.2d 546, 550-52 (9th Cir.1992) (conviction overturned where defendants were aware of drug cache in their temporary home, but overwhelming evidence showed that drugs actually belonged to others); see Kelso, 942 F.2d at 682 (no constructive possession where defendant had access to gun in truck driven by co-defendant, but government offered no evidence that he was aware of its presence or that he, rather than co-defendant, possessed it).
 
 
 8
 The Sentencing Guidelines warrant application of the firearm enhancement unless it is "clearly improbable that the weapon was connected with the offense," and use as an example "an unloaded hunting rifle in the closet." U.S.S.G. § 2D1.1, comment. (n. 3); see Stewart, 926 F.2d at 902 (not clearly improbable that machine gun connected with offense); United States v. Heldberg, 907 F.2d 91, 93-94 (9th Cir.1990) (same for unloaded semi-automatic revolver, noting that handguns are not generally designed or used for shooting game). The defendant bears the burden of proving that the exception applies. See Stewart, 926 F.2d at 900-01; Restrepo, 884 F.2d at 1296. A district court need not accept a defendant's self-serving statements about his role in the offense. United States v. Lui, 941 F.2d 844, 849 (9th Cir.1991). It is clearly probable that drug traffickers would arm themselves for protection from arrest, addicts or other drug dealers. Heldberg, 907 F.2d at 94.
 
 
 9
 Spoerlein and Nadolski contend that the district court erred by enhancing their offense levels for possession of a revolver found in their home. The uncontested evidence shows that pursuant to a search warrant for the home, authorities found the .38 caliber revolver, loaded with one round of "birdshot" and five standard bullets, in the living room where Nadolski was seated during the search. At the sentencing hearing, the government clarified, without objection from the defense, that the revolver had been located on top of a coffee table in the living room, near the entrance to the home and adjacent to the room in which the drugs were found. The search also netted various drugs, including 246.94 grams of methamphetamine, drug paraphernalia, drug records, $5,519 in cash, and a radio scanner with a list of police frequencies and codes. According to the presentence report (PSR), Spoerlein and Nadolski had cohabited for more than three years and were distributors of methamphetamine between Oregon and Oakland, California. Spoerlein had recently sold drugs to an informant at the residence. Both defendants admitted selling drugs to maintain their lifestyle, and Spoerlein stated that he sold a few ounces of methamphetamine per week for between $700 and $1,000 an ounce.
 
 
 10
 Spoerlein does not dispute that he kept the revolver in his home. He claims, however, that he did so solely to protect his exotic birds from varmints and argues that this use is analogous to the unloaded hunting rifle in the closet. Nonetheless, the district court could reasonably conclude from the placement of the revolver in plain view, the close proximity of the gun and drugs in his home, and other evidence of his ongoing drug trafficking, including his own admissions, that Spoerlein possessed the revolver for protection in these dealings. See Willard, 919 F.2d at 610; Gillock, 886 F.2d at 222-23; Restrepo, 884 F.2d at 1296. Moreover, it is not clearly improbable that the fully loaded, easily accessible revolver was connected with Spoerlein's drug sales, rather than the protection of his exotic birds from varmints. See U.S.S.G. § 2D1.1, comment. (n. 3); Stewart, 926 F.2d at 902; Heldberg, 907 F.2d at 93-94. The district court was not bound to accept Spoerlein's unsupported, self-serving explanations of the revolver's presence. See Lui, 941 F.2d at 849. It therefore was not clear error to conclude that Spoerlein had failed to prove that the exception to 2D1.1(b)(1) applied and that his offense level should be enhanced for possession of the gun.
 
 
 11
 Nadolski, on the other hand, denies owning or ever having touched the revolver and argues that her mere presence in the same room with it at the time of her arrest is insufficient to prove that she had constructive possession of it. Although close, the evidence supports the conclusion that Nadolski was more than simply aware of the presence of a gun in the home she shared with Spoerlein. See Vasquez-Chan, 978 F.2d at 550-52. In particular, at the time of her arrest, Nadolski was the sole occupant in the living room where the revolver was within plain view, easy reach, and close proximity to the drugs she admitted dealing.[1] Nadolski's unhindered access to the revolver in this situation establishes sufficient dominion and control for constructive possession. See Terry, 911 F.2d at 278-80; Castillo, 866 F.2d at 1086-88.[2] In light of the evidence specifically linking Nadolski to the gun, the district court did not clearly err in finding that she possessed it jointly with Spoerlein during commission of the offense. See U.S.S.G. § 2D1.1(b)(1); Kelso, 942 F.2d at 682.[3]
 
 II
 Factual Findings
 
 12
 When a defendant alleges a factual inaccuracy in his PSR, the district court must make written findings of fact concerning any disputed matter upon which it relies in sentencing. Fed.R.Crim.P. 32(c)(3)(D); United States v. Conkins, No. 91-10306, slip op. 1287, 1303 (9th Cir. Feb. 18, 1993). If a defendant challenges a proposed adjustment to his offense level without disputing any of the underlying facts, the district court makes a sufficient finding of fact by indicating that it has considered the defendant's objections and concluding, without an explanation of its reasons, that the defendant is subject to the adjustment. United States v. Marquardt, 949 F.2d 283, 285-86 (9th Cir.1991); see United States v. Corley, 909 F.2d 359, 362 (9th Cir.1990).
 
 
 13
 Both appellants contend that the district court made inadequate factual findings that they possessed the revolver. In particular, Nadolski asserts that the district court violated Rule 32 by simply concluding that the enhancement applied, while Spoerlein claims that the district court failed to address whether the revolver fell within the exception to section 2D1.1(b)(1).
 
 
 14
 Neither Nadolski nor Spoerlein objected to the factual findings of the PSR, however, but instead disputed the conclusion drawn from these facts that they possessed the revolver pursuant to section 2D1.1(b)(1). At the sentencing hearing, the district court heard argument from all parties on the applicability of the enhancement, including an argument by Spoerlein's counsel that the revolver and an antique rifle used as a wall decoration fell within the exception. The district court then stated that "[s]ometimes people load a couple of bird shot first, if they want to do a little less damage ...," and concluded that, while the rifle did not warrant the two-point enhancement, the revolver "clearly" did "in each case." The district court subsequently filed a written fact-finding order in which it adopted the PSR's statement of facts, noted the defendants' objections to the enhancement, and reiterated its conclusion that the enhancement applied. From this record, it is evident that the district court considered and rejected Spoerlein's alternative explanation of the revolver's use. Moreover, its statements and written order complied with the requirements of Rule 32 and constituted adequate factual findings that Spoerlein and Nadolski were subject to the section 2D1.1(b)(1) enhancement. See Marquardt, 949 F.2d at 285-86; Corley, 909 F.2d at 362.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Therefore, the appellants' request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Nadolski now disputes the revolver's location and contends for the first time that there is no evidence she was aware of its presence. We decline to address this contention as Nadolski did not raise it below. See United States v. Conkins, No. 91-10306, slip op. 1287, 1294 (9th Cir. Feb. 18, 1993) (declining to consider primarily factual issue raised for first time on appeal)
 
 
 [2]
 This conclusion finds further support in consideration of the appropriate burden of proof here. With the exception of Kelso--a Sentencing Guidelines case--the constructive possession cases cited all involved challenges to the sufficiency of the evidence for conviction. See, e.g., Vasquez-Chan, 978 F.2d at 551-52 (insufficient evidence to establish constructive possession beyond a reasonable doubt). Here, the government had to prove Nadolski's constructive possession under the weaker preponderance of the evidence standard in order for the firearm enhancement to apply. See United States v. Restrepo, 946 F.2d 654, 661 (9th Cir.1991) (en banc), cert. denied, 112 S.Ct. 1564 (1992)
 
 
 [3]
 Because we affirm the district court's conclusion that Nadolski possessed the revolver, we need not resolve the dispute between the government and Nadolski over the reasonable foreseeability of Spoerlein's possession of the revolver. See United States v. Willis, 899 F.2d 873, 874-75 (9th Cir.1990)