17 F.3d 397
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ted KUAN, Defendant-Appellant.
 No. 93-50314.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1994.*
Decided Feb. 14, 1994.
 
 Before: SCHROEDER, CANBY and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ted Kuan appeals his 199-month sentence imposed following entry of a guilty plea to possession with intent to distribute, and conspiracy to attempt to possess with intent to distribute cocaine in violation of 21 U.S.C. Secs. 841(a)(1), 846. Kuan contends the district court erred by (1) improperly considering quantities of cocaine which he had neither the intent nor ability to purchase when calculating his base offense level and (2) denying him a downward adjustment for acceptance of responsibility. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 1. Drug Quantity
 
 3
 Kuan contends he proved at sentencing that he had neither the intent nor the ability to conclude a 50-kilogram cocaine transaction. He argues that the district court clearly erred when it concluded otherwise and calculated his base offense level as 36 under U.S.S.G. Secs. 2D1.1, 2D1.4. We disagree.
 
 
 4
 We review for clear error the district court's factual determinations underlying application of the United States Sentencing Guidelines. United States v. Torres-Rodriguez, 930 F.2d 1375, 1389 (9th Cir.1991).
 
 
 5
 In order to exclude an amount of drugs from the drug quantity calculation, the district court must find both that the defendant did not intend to produce the negotiated amount and that he was not reasonably capable of producing that amount. United States v. Barnes, 993 F.2d 680, 682 n. 1 (9th Cir.1993). The burden is on the defendant to demonstrate that he had neither the intent nor the capability to produce the quantity of narcotics negotiated for. Id. at 684. Where the defendant pleads guilty to an indictment which clearly indicates that the object of the conspiracy involved over 50 kilograms of cocaine, the defendant is foreclosed from arguing that he did not intent to produce 50 kilograms of cocaine. Cf. id. at 682-83 (where indictment alleged defendant negotiated for 50 kilograms of cocaine but did not explicitly allege that object of conspiracy was a 50 kilogram transaction, guilty plea foreclosed argument that he did not negotiate to buy 50 kilograms of cocaine but not argument that he had neither intent nor capability to produce such amount).
 
 
 6
 Count 1 of the indictment in case no. CR-92-569 specifically alleged that "TED KUAN ... willfully and knowingly conspired and agreed with [his co-defendants] to possess with intent to distribute five kilograms or more, that is, approximately 50 kilograms, of a mixture or substance containing a detectable amount of cocaine."[1] Kuan's guilty plea to this count of the indictment operated as a concession that the intended object of the conspiracy was a 50 kilogram cocaine transaction. Accordingly, he is foreclosed from arguing that he did not have the intent to produce 50 kilograms of cocaine and the district court did not err by using the 50 kilogram figure when calculating Kuan's base offense level.[2] Cf. Barnes, 993 F.2d at 682.
 
 2. Acceptance of Responsibility
 
 7
 Kuan contends the district court erred by denying him an adjustment for acceptance of responsibility because (1) the record does not support the court's conclusion that he did not accept responsibility, (2) the court did not make sufficient findings supporting its conclusion, and (3) the court erroneously relied on defense counsel's memorandum as a basis for finding Kuan had not accepted responsibility. These contentions lack merit.
 
 
 8
 We review for clear error the district court's finding that a defendant has not accepted responsibility for his offense. United States v. Ramos, 923 F.2d 1346, 1360 (9th Cir.1991).
 
 
 9
 U.S.S.G. Sec. 3E1.1 provides for a downward adjustment in the base offense level if a defendant "clearly demonstrates a recognition and affirmative acceptance of personal responsibility" for his criminal conduct. The party seeking to alter the base offense level bears the burden of making the necessary showing by a preponderance of the evidence. United States v. Howard, 894 F.2d 1085, 1090 (9th Cir.1990). A defendant must affirmatively display "sincere contrition" for the offense of conviction. Ramos, 923 F.2d at 1360. The district court may deny the adjustment to a defendant who minimizes the extent of his involvement in that offense. United States v. Corley, 909 F.2d 359, 362 (9th Cir.1990).
 
 
 10
 Prior to sentencing, Kuan submitted a letter to the district court claiming that he had become involved in cocaine trafficking through his own naivete and had participated in only two transactions, both of which were the subjects of his guilty pleas in the instant case. Kuan claimed that he had only participated in the second transaction to help pay for his girlfriend's hospital bills. The probation office was unable to verify this story. Kuan also attempted to portray himself as merely a middleman in the transactions. These statements were in apparent contradiction to Kuan's active role in negotiating for the 50-kilogram transaction and his statements made during the negotiations regarding his prior experience in drug transactions, and contradicted Kuan's statements to the probation officer that he had transported cocaine one time prior to his initial detention for the eight kilogram's of cocaine mentioned in case no. CR-92-983.
 
 
 11
 In light of this evidence, we hold that the district court did not clearly err by concluding that Kuan failed to accept responsibility for the offenses of conviction because he was not entirely truthful regarding the extent of his participation in the instant transactions. See Corley, 909 F.2d at 362. We also hold that the district court's conclusion that Kuan had failed to accept responsibility for the offenses of conviction was a sufficiently specific finding of fact. See United States v. Marquardt, 949 F.2d 283, 285 (9th Cir.1991) (district court statement that defendant "has not clearly demonstrated a recognition and affirmative acceptance of responsibility" was sufficient factual finding in the absence of unresolved underlying factual issues). Finally, we reject as unsupported by the record Kuan's contention that the district court relied in part on defense counsel's arguments against an aggravating role enhancement when making its determination that Kuan had not accepted responsibility.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Pursuant to a plea agreement, Kuan pleaded guilty at the same time to Count 1 of a two-count criminal indictment brought in case No. CR-92-569 and to a single count of possession with intent to distribute approximately 8 kilograms of cocaine alleged in a separate information in case No. CR-92-983. Count 2 of the indictment in No. CR-92-569 was dismissed
 
 
 [2]
 Because the issue is not purely one of law and does not fall within one of the other recognized exceptions to the rule that we will not address issues raised for the first time on appeal, we decline to address Kuan's contention that he was the victim of "sentencing entrapment" in this "reverse sting situation" in which the government undercut the going price for cocaine in order to increase the quantity of the drug involved in the transaction. See United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir.1991)