**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Cipriano Fernando GARCIA–VARA, aka Cipriano Garcia–Vara aka Jose Luis Garcia–Barra aka Enrique Hernandez–Claudio aka Armando Vargas–Martinez aka Cipriano F. Garcia aka Alfredo Gonzalez Ortega aka Cipriano Fernando Garcia aka Rafael Ramirez Gonzalez aka Rafael Gonzalez Hernandez aka Rafael R. Gonzalez aka Javier Herrera–Ortiz, Defendant—Appellant.**

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2). Matthews' request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

No. 01–10290.

D.C. No. CR–00–00906–FRZ.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 9, 2002.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

MEMORANDUM **

Cipriano Fernando Garcia–Vara appeals the 77–month sentence imposed following his jury conviction for unlawful reentry after deportation in violation of 8 U.S.C. § 1326(a), with a sentencing enhancement pursuant to 8 U.S.C. § 1326(b)(2). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review a district court's factual determination whether a defendant has accepted responsibility for clear error. *United States v. Velasco–Medina*, 305 F.3d 839, 853 (9th Cir.2002). We affirm.

Garcia–Vara contends that the district court erred by denying his request for an offense level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. Because Garcia–Vara failed to clearly demonstrate acceptance of responsibility, the district court did not clearly err by denying the adjustment. See *id.*; cf. *United States v. Ochoa–Gaytan*, 265 F.3d 837, 845 (9th Cir.2001) (finding that defendant gave a complete confession be-

cause he "confirmed his prior criminal record and admitted … that he was in the United States illegally, that he had been deported previously, and that he had used a false name") (internal quotation and citation omitted). Because the relevant facts were undisputed, the district court was not required to explain its finding that Garcia–Vara failed to accept responsibility. See *United States v. Marquardt*, 949 F.2d 283, 285 (9th Cir.1991) (per curiam).

Because there is no basis for vacating Garcia–Vara's original sentence, we deny his request for resentencing under the amended version of the guidelines.

AFFIRMED.