**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Brigido Luna ZAPIEN, Defendant–
Appellant.**

**No. 14–10224**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 9, 2016
San Francisco, California

**FILED JULY 3, 2017**

Christina Marie Cabanillas, Assistant U.S., United States District Court, Heather Sechrist, Esquire, Assistant U.S., Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Francisco Leon, Esquire, Law Office of Francisco Leon, Tucson, AZ, for Defendant–Appellant.

Before: McKEOWN and FRIEDLAND, Circuit Judges, and BOULWARE,* District Judge.

---

* The Honorable Richard F. Boulware, United States District Judge for the District of Nevada, sitting by designation.

**MEMORANDUM.***

Brigido Luna Zapien challenges his sentence, imposed after a jury found him guilty of conspiracy to possess with intent to distribute methamphetamine and possession with intent to distribute methamphetamine. At sentencing, the district court denied Luna Zapien's motion for a finding of acceptance of responsibility, stating that it could not find that the acceptance of responsibility adjustment applied to Luna Zapien. Luna Zapien was then sentenced to concurrent terms of imprisonment for 120 months and supervised release terms of five years for each count.

Luna Zapien argues that the district court committed clear error by denying his motion for a Guidelines reduction on the basis of acceptance of responsibility. We disagree.

The district court's interpretation of the Sentencing Guidelines is reviewed *de novo*, while its decision whether a defendant accepted responsibility for his offense is reviewed for clear error. *United States v. Ramos–Medina*, 706 F.3d 932, 936 (9th Cir. 2013), *as amended* (Jan. 11, 2013).

Under the Sentencing Guidelines, a defendant is entitled to a two-level reduction in his offense level if he "clearly demonstrates acceptance of responsibility for his offense." U.S. Sentencing Guidelines Manual § 3E1.1 (U.S. Sentencing Comm'n 2014). "The defendant bears the burden of showing that he has accepted responsibility for his actions." *United States v. Ramos–Medina*, 706 F.3d 932, 940 (9th Cir. 2013) (citing *United States v. Cortes*, 299 F.3d 1030, 1038 (9th Cir. 2002)). The Application Notes to Section 3E1.1 state that

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

"truthfully admitting the conduct comprising the offense(s) of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3" are appropriate considerations for whether a defendant has accepted responsibility. U.S. Sentencing Guidelines Manual § 3E1.1, App. Note 1(A) (U.S. Sentencing Comm'n 2014). Further, "[t]his adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." *Id.* at App. Note 2; *United States v. Barron–Rivera*, 922 F.2d 549, 553 (9th Cir. 1991) (explaining that Note 2 indicates that "where factual guilt is contested the defendant has not accepted responsibility"). In "rare situations," however, a defendant may still demonstrate acceptance of responsibility even while proceeding to trial. U.S. Sentencing Guidelines Manual § 3E1.1, App. Note 2 (U.S. Sentencing Comm'n 2014). "This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct)." *Id.*

"In reviewing a district court's determination as to a defendant's acceptance of responsibility, we must afford the district court 'great deference' because of its 'unique position to evaluate a defendant's acceptance of responsibility.'" *United States v. Scrivener*, 189 F.3d 944, 947–48 (9th Cir. 1999) (quoting *United States v. Fellows*, 157 F.3d 1197, 1202 (9th Cir. 1998)). The district court need not state specific reasons for its finding with respect

to acceptance of responsibility. *United States v. Marquardt*, 949 F.2d 283, 285–86 (9th Cir. 1991) (per curiam).

The district court's denial of an adjustment for acceptance of responsibility was not clearly erroneous under the circumstances in this case. There is no indication in the record that Luna Zapien went to trial solely to preserve the suppression issue for appeal or that he attempted in any way to minimize the burden of trial on the government.

The district court's denial of the motion for acceptance of responsibility is thus AFFIRMED.