NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 13 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    18-30186 |
| Plaintiff-Appellee, | D.C. No. 1:17-cr-00037-BLW-1 |
| v. | |
| ERIC COURTNEY HUNTER, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Argued and Submitted November 5, 2019
Seattle, Washington

Before:  GOULD and NGUYEN, Circuit Judges, and R. COLLINS,[**] District Judge.

Eric Courtney Hunter appeals the district court's application of two

sentencing enhancements.  We have jurisdiction under 28 U.S.C. § 1291.

Reviewing the district court's application of the Sentencing Guidelines for an

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

abuse of discretion, *United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc), we affirm.

Hunter stole $27,000 and a BMW from a woman in whose house he was living. Hunter had a shotgun during the theft and stored the shotgun, loaded, under the backseat of the BMW while he was driving away. A jury convicted Hunter of two counts under 18 U.S.C. § 922(g)(1). After reading the Initial Presentencing Report, Hunter called the presentence investigator and left a voicemail in which Hunter stated that he "look[ed] forward to dealing with [the investigator] in the future." At sentencing, the district court applied a section 2K2.1(b)(6)(B) enhancement because the court determined that Hunter possessed the shotgun in connection with the theft and applied a section 3C1.1 enhancement because the court determined that Hunter's voicemail constituted obstruction of justice.

The district court's application of the section 2K2.1(b)(6)(B) sentencing enhancement was not an abuse of discretion. The question is whether "the firearm or ammunition facilitated, or had the potential of facilitating, another felony," U.S.S.G. § 2K2.1 cmt. n.14(A) (U.S. Sentencing Comm'n 2016), or, in other words, whether the firearm "had some potential emboldening role in" the felony, *United States v. Routon*, 25 F.3d 815, 819 (9th Cir. 1994). A key factor is accessibility. *Id.* Here, the shotgun was accessible because Hunter had the shotgun while committing the theft, and because Hunter, during his attempted

2

getaway, stored the shotgun, loaded, under the backseat while driving away. Although the shotgun was not within arm's reach, and the district court said that it was not "readily accessible," the shotgun's presence was not an "accident or coincidence." *United States v. Ellis*, 241 F.3d 1096, 1100 (9th Cir. 2001). Equally important, because he put the shotgun in the car after the theft, it is obvious that it was available to him for his use while he was stealing the money and the car.

Also, the district court's application of the section 3C1.1 enhancement was not an abuse of discretion. "Obstructive conduct can vary widely in nature, degree of planning, and seriousness." U.S.S.G. § 3C1.1 cmt. n.3 (U.S. Sentencing Comm'n 2016). The district court found the voicemail to be "chilling" and in this way determined that the call was potentially obstructive. Although the district court did not make an express finding that Hunter attempted to willfully obstruct justice by threatening the probation investigator, the literal language used by Hunter in the message carried an unmistakable meaning in its context. We see no grounds on which to hold the district court's determination applying the obstruction-of-justice enhancement to be an abuse of discretion.

The district court's findings pertaining to the obstruction-of-justice enhancement were adequately specific. Over Hunter's objection, the district court stressed that the call was volunteered, was chilling, and potentially affected the presentence report. The specificity of the district court's findings was more than

adequate. *See United States v. Gardner*, 988 F.2d 82, 83 (9th Cir. 1993) (*per curiam*); *United States v. Marquardt*, 949 F.2d 283, 286 (9th Cir. 1991) (*per curiam*).

**AFFIRMED.**