**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Bruce M. CARLISLE,**
**Defendant–Appellant.**

No. 89–30097.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 9, 1990.

Decided June 28, 1990.

Peter K. Mair, Mair, Abercrombie, Camiel & Rummonds, Seattle, Wash., for defendant-appellant.

Richard A. Jones, Asst. U.S. Atty., Seattle, Wash., for plaintiff-appellee.

Before WRIGHT, REINHARDT and O'SCANNLAIN, Circuit Judges.

PER CURIAM:

Bruce Carlisle pleaded guilty to charges of manufacturing marijuana by propagation and appeals his sentence. He challenges the court's inclusion of marijuana cuttings in calculating his base offense level under the Sentencing Guidelines, and its application of the acceptance of responsibility provision.

## BACKGROUND

An agent from the Drug Enforcement Agency searched Carlisle's home and discovered an indoor marijuana cultivation operation that included a security system, lighting and a venting system. He found 182 mature marijuana plants, 384 cuttings from marijuana plants and approximately three kilograms of packaged marijuana.

Carlisle was charged with manufacturing marijuana by propagation. Following a guilty plea, the probation office prepared a presentence report. It recommended a base offense level of 20 based on the amount of marijuana discovered in his home. United States Sentencing Commission, *Guidelines Manual*, § 2D1.1(c) (June 1988) (hereinafter "1988 Guidelines"). Although Carlisle submitted a written statement admitting his actions, the report recommended that no departure be made from the guidelines based on acceptance of responsibility. The district court accepted the recommendations in the presentence report, and sentenced Carlisle at the bottom of the guideline range, to 33 months.

## ANALYSIS

Carlisle appeals his sentence on two grounds. First, he challenges the use of the 384 cuttings in calculating his base offense. Second, he argues that the district court erred in applying the guideline provision which allows a two level decrease from his base offense level for acceptance of responsibility.

*I. Calculation of Base Offense Level*

The court sentenced Carlisle under Guidelines § 2D1.1 which establishes the base offense level for drug crimes. In

§ 2D1.1(c), a drug equivalency table provides the base offense level for quantities of drugs measured according to weight or number of plants.[1] The presentence report recommended a base offense level of 20 based on 596 plants.[2]

Carlisle argues that the 384 cuttings should not be considered plants when determining the base offense level under § 2D1.1's drug equivalency table. A cutting is a portion of the stem. The guidelines do not define "marijuana plant" and do not distinguish between cuttings and mature plants.

Although some of the cuttings were small, the court's conclusion that they were plants was not clearly erroneous. The district judge heard testimony from the DEA agent that each individual cutting was in its own propagating unit. Each had varying degrees of root formation. Each had the possibility of surviving outside of its propagating unit. *Cf. United States v. Graham*, 710 F.Supp. 1290, 1291 (N.D.Cal. 1989) (finding that a defendant should not benefit by being arrested in the early stages of plant growth). We find no clear error in the court's decision to count the 384 cuttings as plants in sentencing.

## II. Acceptance of Responsibility

█ Carlisle next asserts that the district court made insufficient findings in applying Guidelines § 3E1.1(a), which allows the court to reduce the base offense by two levels for acceptance of responsibility.

We said recently that "the district court should make clear on the record its resolution of all disputed matters, and ... specific findings of fact are to be encouraged." *United States v. Rigby*, 896 F.2d 392, 394 (9th Cir.1990) (citing *United States v. Sanchez–Lopez*, 879 F.2d 541, 557–58 (9th Cir. 1989)). In *Rigby*, the judge did not make specific findings regarding the adjustment under Guidelines § 3B1.2 for the defendant's role in the offense. *Rigby*, 896 F.2d at 394. Nevertheless, he clearly stated that he found the position as stated in the Probation Officer's addendum to be correct, and we found that this finding was sufficient under the guidelines. *Id.*

The district court in this case neither made specific findings nor expressly adopted the conclusions in the presentence report. Although Carlisle objected to the Probation Officer's refusal to grant him a reduction for acceptance of responsibility prior to the sentencing hearing, the resolution of this disputed matter was not articulated by the court. It said:

All right—I'll find, and this portion of the transcript will be attached to the presentence investigation and constitute the Court's findings under the guidelines—I find that the smaller plants were in fact plants and that the appropriate guideline range is 33 to 44 months.

We are unable to determine from this statement whether the court considered Carlisle's objections to the Probation Officer's refusal to reduce his sentence for acceptance of responsibility.

We remand for more specific findings.[3] If the district court finds that Carlisle is entitled to the acceptance of responsibility reduction, it shall resentence him. This

---

1. The guidelines were amended effective November 1989. The drug equivalency table no longer measures drug quantity according to the number of plants. It now provides that, when the offense involves 50 or more plants, each plant is treated as the equivalent of one kilogram of marijuana. *Guidelines Manual* § 2D1.1(c), at 2.45 (Nov.1989).

2. The agent found 182 mature plants, as well as 384 cuttings which were counted as separate plants. In addition, the three kilograms of packaged marijuana converted to 30 plants. *See* 1988 Guidelines § 2D1.1, application note 10 (indicating that 100 grams of marijuana equals one plant). This totals 596 plants.

3. Because we remand for more specific findings regarding acceptance of responsibility, we need not reach Carlisle's argument that the presentence report forced him to implicate himself in other crimes in violation of the Fifth Amendment. We note, however, that our recent decision in *United States v. Gonzalez*, 897 F.2d 1018, 1021 (9th Cir.1990), characterized the acceptance of responsibility reduction as "merely a benefit which may be accorded to a defendant if he is able to make the necessary showing." *See also United States v. Smith*, 905 F.2d 1296, 1302 (9th Cir.1990).

panel will retain jurisdiction over any future appeals.

REMANDED.