955 F.2d 48
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David MENDIA, Defendant-Appellant.
 No. 91-50025.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 4, 1991.
Decided Feb. 20, 1992.
 
 Before JAMES R. BROWNING, BOOCHEVER and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 In this sentencing appeal, David Mendia, Sr., asks us to vacate his sentence and remand for resentencing. He attacks his sentence on three grounds, arguing that the district court: (1) did not adequately state the reasons for the sentence; (2) made insufficient factual findings when it failed to grant his request for a downward adjustment based on a minor participant role; and (3) improperly refused to grant him such an adjustment.
 
 
 3
 Mendia pled guilty to attempted possession of marijuana with intent to distribute, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 18 U.S.C. § 2. The charges grew out of Mendia's participation in a marijuana transaction, in which he had introduced government agents, who sought to sell a quantity of marijuana, to several co-defendants, who sought to buy it. Mendia also attended a meeting between the agents and other defendants and on several occasions facilitated communications between them. Mendia was not actually present, however, during the drug exchange on which charges were based.
 
 I.
 
 4
 Mendia first asserts that the court erred in not stating the reasons for choosing the sentence it imposed, arguing that it was required to do so because all of the sentences in the recommended range exceeded 24 months. Mendia is incorrect, both in his reasoning and in his assertion that the court did not state reasons for the sentence chosen.
 
 
 5
 The provisions of 18 U.S.C. § 3553(c) require that when a court sentences within a Guideline range "and that range exceeds 24 months," the court must state on the record "the reason for imposing a sentence at a particular point within the range." 18 U.S.C. § 3553(c)(1) (West Supp.1991). We have previously rejected Mendia's interpretation of this provision, joining other circuits in reading section 3553(c)(1) to mean that "[a] sentencing court need only provide reasons for its choice of sentence if the span of the particular range involved exceeds twenty-four months." United States v. Howard, 894 F.2d 1085, 1092 (9th Cir.1990) (emphasis added). Here, the applicable range was 41 to 51 months, a span of ten months. The court, therefore, was not required to state reasons for the sentence.
 
 
 6
 Even though it was not required to, however, the court did state its reason for choosing a midrange sentence. At the sentencing hearing, the court remarked:
 
 
 7
 [Y]ou and I are of about the same age, Mr. Mendia; and I know that that Purple Heart meant something the last time you were in front of a judge who sentenced you. I still consider it. That's why I am imposing the midrange, and I am accepting the criminal history category without dispute here.
 
 
 8
 (Emphasis added). The court thus clearly pointed to Mendia's war record as the reason for choosing a sentence from the middle of the sentencing range rather than the upper end. We therefore reject this challenge to Mendia's sentence.
 
 II.
 
 9
 Mendia next argues that his sentence must be reversed because the court failed to make factual findings in denying him a downward adjustment for minor role in the offense. We require a district court to "make clear on the record its resolution of all disputed matters, and [encourage] specific findings of fact." United States v. Rigby, 896 F.2d 392, 394 (9th Cir.1990). We have repeatedly found this requirement satisfied if the district court adopts the conclusions in the presentence report. United States v. Rosales, 917 F.2d 1220, 1222 (9th Cir.1990) (citing United States v. Corley, 909 F.2d 359, 362 (9th Cir.1990), and Rigby, 896 F.2d at 394). Where the sentencing court neither makes specific findings nor expressly adopts the conclusions in the presentence report, remand is proper because the record does not reflect the resolution of disputed matters. See United States v. Carlisle, 907 F.2d 94, 96 (9th Cir.1990).
 
 
 10
 Whether Mendia played a minor role in the drug offense that lead to his conviction was a disputed issue at sentencing. In a written sentencing memorandum, Mendia argued he was entitled to a downward adjustment because his role was minor and because he had been enticed into participating in the marijuana transaction by government agents. At the sentencing hearing Mendia's attorney made several arguments objecting to the presentence report. In particular, he argued for lowering Mendia's criminal history category and for a downward adjustment because Mendia was a minor or minimal participant in the offense. Mendia himself addressed the court about his role, portraying himself as an unwilling participant whose only motivation was to help a friend. The government argued its opposition to the minor role adjustment.
 
 In response, the court stated:
 
 11
 Mr. Mendia, I will note the objections of your lawyer. I agree with the addendum submitted by the probation department in all its analyses and conclusions, with the exception now: I agree with your attorney relative to the criminal history category. I would set the offense level at 20. I would downgrade the criminal history category to 3, for the reasons set out by your attorney, which would then give a range of 41 to 51 months; and I would impose the midrange in the term of 46 months.
 
 
 12
 (Emphasis added.)
 
 
 13
 Thus, in sentencing Mendia, the district court made no express reference to his role in the offense, but simply stated its agreement with the conclusions of the presentence report addendum. Under our precedent, the court's adoption of a presentence report would have been adequate had the report reached a conclusion concerning the issue in dispute. The presentence report addendum here, however, does not discuss Mendia's role in the offense or deal with Mendia's factual contentions. The original presentence report contains a discussion of role, but simply recommends against an upward adjustment for leadership role; it does not consider whether Mendia was a minor participant. In other words, neither the presentence report nor the addendum reaches a conclusion concerning Mendia's role as a minor participant. The district court's adoption of the addendum, therefore, did not constitute a resolution of this issue.
 
 
 14
 Accordingly, we vacate Mendia's sentence and remand for resentencing after a determination of whether Mendia's role in the offense was a minor one.
 
 
 15
 VACATED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3