972 F.2d 1345
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Scott Charles HEAL, Defendant-Appellant.
 No. 91-30349.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 18, 1992.*
Decided Aug. 20, 1992.
 
 MEMORANDUM**
 Before EUGENE A. WRIGHT, BEEZER and LEAVY, Circuit Judges.
 
 
 1
 Scott Heal is serving a 75-month sentence after a jury convicted him of growing marijuana with intent to distribute. Among 271 marijuana plants seized from Heal's house were 224 plant cuttings, which he contends should not be counted as "plants" for sentencing purposes. Heal appeals his conviction and sentence on this and other grounds including improper admission of evidence, lack of sufficient evidence of a conspiracy, and improper jury instructions.
 
 
 2
 * Heal began to grow marijuana in 1986. In April 1990, Wade Gackle moved into Heal's house. During 1990 Gackle watered the marijuana plants at Heal's request. He also smoked some of the marijuana, helped to harvest it, and bought growing supplies.
 
 
 3
 Late in 1990 a neighbor alerted the Montana Criminal Investigation Bureau to suspicious activities at Heal's house. Bureau agents, suspecting that Heal was engaged in methamphetamine manufacturing, then began surveillance. The DEA obtained a search warrant for surreptitious entry into the house. The agents attempted such an entry on November 1 but were foiled by the presence of Heal's girlfriend. As a result, they secured the house and later that day obtained a new search warrant. The new one allowed them to seize marijuana grow equipment found there. The original warrant had permitted the agents to seize "controlled substances" but not grow equipment.
 
 
 4
 After seizing grow equipment, 47 plants and 224 plant cuttings, the government charged Heal with conspiracy to manufacture and/or possess with intent to distribute marijuana; manufacturing and/or possessing with intent to distribute marijuana; and providing a place to manufacture and/or possess with intent to distribute marijuana. A jury found Heal guilty on all counts.
 
 II
 
 5
 Heal argues that the court erred when it denied his motion to suppress evidence seized pursuant to a search of his residence because the officers executing the warrant failed to comply with notice requirements. He contends that he was given no notice of intangible observations (i.e., observations of Heal's residence made through use of videotape and photographs).
 
 
 6
 Visual observations of a defendant's property from a public place or other legal vantage point are not "searches" for Fourth Amendment purposes. Florida v. Riley, 488 U.S. 445, 449 (1989); see also United States v. Dubrofsky, 581 F.2d 208, 211 (9th Cir.1978). The agents were lawfully on neighboring property, and made their observations independently of the warrant. The court properly denied Heal's motion to suppress for lack of notice.
 
 
 7
 Heal also argues that the second warrant was illegal because it was based on the "fruits of the poisonous first search warrant." The court found that the first warrant was validly issued. A surreptitious entry warrant may be valid if it adequately describes the property to be seized and if it includes a notice requirement. United States v. Freitas, 800 F.2d 1451, 1456 (9th Cir.1986). The first warrant properly listed the items to be seized. It also required that Heal be given notice, within seven days of entry onto his property, of items taken. We affirm the finding that the first warrant was valid.
 
 III
 
 8
 In reviewing the sufficiency of evidence on appeal, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of conspiracy beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). An agreement to conspire may be inferred from the facts and circumstances. United States v. Restrepo, 930 F.2d 705, 709 (9th Cir.1991) (citation omitted).
 
 
 9
 A jury could easily infer an agreement from the facts given above. We affirm the sufficiency of the evidence on this issue.
 
 IV
 
 10
 Heal argues that the court improperly admitted Gackle's statements under Federal Rule of Evidence 801(d)(2)(E).
 
 
 11
 To determine whether a conspiracy exists, a court may consider the coconspirator's statements themselves. Bourjaily v. United States, 483 U.S. 171, 181 (1987). In addition, there must be independent evidence of the conspiracy and the defendant's involvement in it for the court to conclude that a conspiracy existed. United States v. Silverman, 861 F.2d 571, 577 (9th Cir.1988).
 
 
 12
 The court reviewed Heal's statements to the arresting officers and Gackle's voluntary statement to law enforcement agents. According to the officers, Heal said that he was growing the marijuana for himself and his friends, and that he intended to sell it for profit. Although Heal now denies the statements, the court was free to accept the officers' testimony over the denial. See Fed.R.Evid. 104(a). This is sufficient for the court to have found a conspiracy by a preponderance of the evidence. Bourjaily, 483 U.S. at 176.
 
 V
 
 13
 Heal argues that there is no rational basis for Sentencing Guidelines Section 2D1.1's provision equating one marijuana plant with a kilogram of marijuana. This court has rejected this argument. United States v. Belden, 957 F.2d 671, 676 (9th Cir.1992) (section 2D1.1's "rationality lies in its recognition of a higher level of culpability for marijuana growers compared to those who merely possess the harvested product").
 
 VI
 
 14
 Heal contends that the government did not prove that the cuttings taken from his residence had roots, root hairs or root balls. Cuttings with root systems are "plants" for sentencing purposes. United States v. Carlisle, 907 F.2d 94, 96 (9th Cir.1990).
 
 
 15
 Heal's argument is unconvincing. A DEA agent testified that all of the cuttings did have roots. Heal's contention that there was insufficient time for the cuttings to grow roots does not help him. Even assuming that the cuttings did not have any root structure, and could not be counted as "plants" for sentencing purposes, Heal was also charged with conspiracy. He would still be subject to the same penalty for conspiring to manufacture marijuana for distribution. 21 U.S.C. § 846. The court did not commit clear error.
 
 VII
 
 16
 Heal claims that the court erred when it admitted evidence relating to methamphetamine.
 
 
 17
 "Evidence should not be treated as 'other crimes' evidence when 'the evidence concerning the ["other"] act and the evidence concerning the crime charged are inextricably intertwined.' " United States v. Mundi, 892 F.2d 817, 820 (9th Cir.1989) (citation omitted). The court in this case recognized that evidence concerning methamphetamine is inextricably intertwined with the marijuana-related crimes with which Heal was charged. The government obtained most of the evidence against Heal as a result of the second warrant. That warrant was obtained after the government executed the initial search warrant, which was based on its belief that Heal operated a methamphetamine lab at his home. The court overruled his objection to this evidence, noting that "I think everything [as to methamphetamine evidence] goes into the application for the affidavit for the search warrant."
 
 
 18
 The court's statement belies Heal's claim that it did not properly consider the Rule 403 balancing issue. Rule 403's requirements are met if it the record demonstrates that the judge adequately weighed the probative value and prejudicial effect of the evidence. United States v. Green, 648 F.2d 587, 593 (9th Cir.1981). Although the court did not say that it decided to overrule the objection after weighing the prejudicial effect against the probative value, the record as a whole reflects this.
 
 VIII
 
 19
 Heal contends that the court erred in denying several of his proposed jury instructions. "A defendant is entitled to have the judge instruct the jury on his theory of defense, provided that it is supported by law and has some foundation in the evidence." United States v. Gomez-Osorio, 957 F.2d 636, 642 (9th Cir.1992) (citation omitted). The evidence required to support a "theory of defense" jury instruction may be "weak, insufficient, inconsistent, or of doubtful credibility." United States v. Escobar De Bright, 742 F.2d 1196, 1198 (9th Cir.1984) (citation omitted).
 
 
 20
 Even under this weak standard, Heal's theory of defense does not have a sufficient evidentiary foundation. His only statement in the record is that he checked statutes in the library and determined that federal law did not cover a marijuana grow operation. He does not describe any research of Montana law. Nor did he consult with his attorney on this issue until after indictment. His argument is further weakened by his admission that he bought marijuana seeds from Holland because he knew that buying seeds in the United States was illegal.
 
 
 21
 Heal also argues that the court erred in giving the jury the government's proposed instruction number 18 on aiding and abetting, because there was no one for him to aid and abet. Aiding and abetting is one of three legal theories on which a conviction for possession with intent to distribute narcotics may be based. See United States v. Sanchez-Mata, 925 F.2d 1166, 1168 (9th Cir.1991). "A defendant need not actually sell drugs to aid and abet in their distribution.... Rather, it is enough that the defendant associate with the criminal venture, participate in it, and seek by actions to make it succeed." United States v. Savinovich, 845 F.2d 834, 838 (9th Cir.), cert. denied, 488 U.S. 943 (1988). Heal, with Gackle, attempted to grow marijuana for sale at a profit. The instruction was proper.
 
 
 22
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-3
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3