985 F.2d 576
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Humberto NUNEZ-GARCIA, Defendant-Appellant.
 No. 92-50008.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 27, 1993.*
Decided Feb. 3, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Humberto Nunez-Garcia (Nunez) appeals from his sentence under the United States Sentencing Guidelines following entry of a guilty plea to conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846, and possession of an unregistered firearm in violation of 26 U.S.C. § 5861. Nunez contends that the district court erred by basing his offense level on the negotiated quantity of cocaine, rather than the amount actually confiscated from him and his co-conspirators. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 We review the legality of a sentence de novo. United States v. Molina, 934 F.2d 1440, 1451 (9th Cir.1991). We review the district court's factual determinations in applying the Sentencing Guidelines for clear error. United States v. Torres-Rodriguez, 930 F.2d 1375, 1389 (9th Cir.1991).
 
 
 4
 At the time of sentencing, U.S.S.G. § 2D1.4 (Nov. 1, 1989) provided that the base offense level for a defendant convicted of a conspiracy involving a controlled substance be determined as if the object of the conspiracy had been completed.[1] The commentary to section 2D1.4 elaborated that "[if] the defendant is convicted of an offense involving negotiation to traffic in a controlled substance, the weight under negotiation in an uncompleted distribution shall be used to calculate the applicable amount." U.S.S.G. § 2D1.4, comment. (n. 1); see Molina, 934 F.2d at 1451 (defendant's offense level correctly calculated on basis of 50 kilograms of cocaine negotiated instead of 49.97 kilograms actually possessed); United States v. Alvarez-Cardenas, 902 F.2d 734, 736 (9th Cir.1990) (defendant's offense level properly based on 500 grams of cocaine he conspired to sell). To avoid inflated offense levels in cases where the defendant was merely "puffing," the district court must exclude from its calculation negotiated amounts of narcotics which the court finds that the defendant did not intend to produce and was not reasonably capable of producing. U.S.S.G. § 2D1.4, comment. (n. 1); see United States v. Ruiz, 932 F.2d 1174, 1183-84 (7th Cir.), cert. denied, 112 S.Ct. 151 (1991) (defendant's boast, while concluding a sale of two kilograms of cocaine, that he could get ten more was insufficient to show that he intended to produce or reasonably could produce the additional cocaine); compare with United States v. Alston, 895 F.2d 1362, 1369-71 (11th Cir.1990) (no clear error in district court's determination that co-conspirators who supplied only 6 ounces of cocaine were reasonably capable of producing three kilograms given their agreement to attempt the delivery of more from various "contacts"). The district court should make clear on the record its resolution of all disputed matters and is encouraged to make specific findings of fact. United States v. Corley, 909 F.2d 359, 362 (9th Cir.1990) (district court made adequate factual findings by stating that it agreed with the presentence report (PSR)); United States v. Carlisle, 907 F.2d 94, 96 (9th Cir.1990) (factual findings inadequate where record did not reflect whether district court had considered defendant's objection to the PSR).
 
 
 5
 Nunez contends that the district court erred by calculating his offense level based on the 300 kilograms of cocaine which he conspired to distribute, rather than the 57.7427 kilograms actually recovered. He claims that the government offered no evidence and the district court made inadequate findings that he had the intent or ability to produce the larger amount. Nevertheless, the facts cited in the PSR and the evidence in the record, including taped phone conversations and a detailed statement by a confidential informant (CI), showed that, after two failed attempts to find suppliers for a 300 kilogram cocaine transaction, Nunez introduced the CI to co-conspirators Reyes-Montoya (Reyes) and Avendano-Uriarte (Avendano). At this meeting, Avendano stated that he had 300 kilograms of cocaine for sale. Later that day, Avendano, Reyes and the CI agreed to complete a 300 kilogram sale the next morning, and Avendano further guaranteed that he could supply the CI with heroin and cocaine weekly. Nunez telephoned the CI twice to confirm the transaction as negotiated. After meeting the CI at the designated location, however, Nunez stated that Avendano did not want to bring all 300 kilograms at one time, indicating first that Avendano would bring 150 kilos and then that he would bring only 100 kilos. Avendano in fact arrived with 50 kilograms of cocaine, but told the CI immediately prior to the arrest that he would supply the other 250 kilos later that day.[2]
 
 
 6
 On these facts, the district court did not clearly err by concluding that Nunez was not simply "puffing," but intended to participate in the sale of 300 kilograms of cocaine and that he was reasonably capable of producing that amount. See U.S.S.G. § 2D1.4, comment. (n. 1); Ruiz, 932 F.2d at 1183-84; Alston, 895 F.2d at 1369-71. Further, the district court held two sentencing hearings on this issue and specifically determined that the relative ease with which Nunez and his co-conspirators produced an initial 50 kilograms of cocaine indicated their intent and ability to produce the remainder. Accordingly, the district court made clear in the record the factual basis for its sentencing decision, see Corley, 909 F.2d at 362; Carlisle, 907 F.2d at 96, and correctly calculated Nunez's offense level on the basis of the negotiated amount of 300 kilograms rather than the amount actually possessed by the Nunez and his co-conspirators, see U.S.S.G. § 2D1.4, comment. (n. 1); Molina, 934 F.2d at 1451; Alvarez-Cardenas, 902 F.2d at 736.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 2D1.4 was deleted by consolidation with the guidelines applicable to the underlying substantive offenses effective November 1, 1992. See U.S.S.G.App. C, amend. 447
 
 
 [2]
 Searches of the co-conspirators' property netted approximately eight additional kilograms of cocaine, $141,060 in cash, various weapons, including a live hand grenade, ammunition, and a car with a large hidden compartment. DEA agents also discovered a machine gun, silencer and boxes of ammunition at Nunez's premises