996 F.2d 1216
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael D. PEAR, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-1376.
 United States Court of Appeals, Sixth Circuit.
 July 1, 1993.
 
 Before: KENNEDY and SILER, Circuit Judges; and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Pro se petitioner Michael Drew Pear appeals the District Court's denial of his motion under 28 U.S.C. § 2255 to vacate his sentence. Before the District Court, Pear raised several grounds for relief, including assertions that he received ineffective assistance of counsel, the government withheld exculpatory material, the federal courts lacked subject matter jurisdiction to convict, and he was inappropriately interrogated after requesting counsel. Pear requested an evidentiary hearing to resolve these issues. The District Court denied relief on the issues raised, without holding an evidentiary hearing. In this appeal, Pear reasserts these issues, appeals the denial of an evidentiary hearing, and argues one further issue, that federal rather than state prosecution was improper. Because the record reveals conclusively that Pear has suffered neither a "fundamental defect which inherently results in a complete miscarriage of justice, nor an omission inconsistent with the rudimentary demands of fair procedure," Hill v. United States, 368 U.S. 424, 428 (1962), we affirm.
 
 I.
 
 2
 On November 6, 1989, Pear pled guilty to one count of manufacturing marijuana plants in violation of 21 U.S.C. § 841(a)(1). As a result of this plea, Pear was sentenced on January 17, 1990 to 60 months imprisonment and five years supervised release, the statutory minimum for manufacturing more than 100 marijuana plants. 21 U.S.C. § 841(b)(1)(B)(vii). Pear appealed his conviction and sentence to a panel of this Court, which affirmed. See United States v. Pear ("Pear I "), No. 90-1191 (6th Cir. Jan. 7, 1991) (unpublished). Pear then filed for relief under section 2255, which the District Court denied on March 12, 1992.
 
 II.
 
 3
 Several of Pear's asserted grounds for relief were raised on direct appeal. The claims that federal, as opposed to state, prosecution was improper, that the federal courts lack subject matter jurisdiction, and that Pear was interrogated after having requested counsel were explicitly addressed and rejected. See Pear I, panel op. at 3-5. Issues raised and considered on direct appeal may not be relitigated in a section 2255 motion to vacate sentence. Stephan v. United States, 496 F.2d 527 (6th Cir.1974), cert. denied, 423 U.S. 861 (1975). Further, Pear's theory that the government violated Brady v. Maryland, 373 U.S. 83, 87 (1963), in not disclosing exculpatory evidence fails due to its dependence upon his theory that the federal courts lack jurisdiction. Pear argues that an interstate element was required in his drug transaction for federal jurisdiction, and that the government withheld information tending to show that his offense was entirely intrastate. Because, as the Pear I panel held, the government did not need to prove an interstate element of Pear's offense, the possible evidence Pear asserts was withheld could have no exculpatory effect. See United States v. Sawyers, 902 F.2d 1217, 1221 (6th Cir.1990), cert. denied, 111 S.Ct. 2895 (1991); United States v. Scales, 464 F.2d 371, 374-75 (6th Cir.1972).
 
 III.
 
 4
 Defendant also raises the issue of whether he was denied his Sixth Amendment right to counsel due to counsel's failure to challenge the basis of his sentence. The length of Pear's sentence was based on his possession of 406 individual marijuana plants. Because more than 100 plants were involved, Pear was subject to a minimum sentence of five years under 21 U.S.C. § 841(b)(1)(B)(vii). Pear asserts that there were only 40 plants in his possession, and that the remaining marijuana was in the form of cuttings without independent root systems. This Court, as well as other circuits, has held that cuttings are not plants until they have put forth roots. United States v. Edge, 989 F.2d 871, 878 (6th Cir.1993) ("a marijuana 'plant' includes those cuttings accompanied by root balls."). See, e.g., United States v. Bechtol, 939 F.2d 603, 604-05 (8th Cir.1991); United States v. Eves, 932 F.2d 856, 857-60 (10th Cir.1991), cert. denied, 112 S.Ct. 236 (1991); United States v. Carlisle, 907 F.2d 94, 96 (9th Cir.1990). According to Pear, it was ineffective assistance of counsel not to have challenged the determination in the presentence report that he possessed over four hundred plants.
 
 
 5
 The standard for denial of effective assistance of counsel is whether counsel's performance fell below an objective standard of reasonableness and whether this deficient performance created a reasonable probability that the outcome of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). We hold that, as a matter of law, the performance of Pear's counsel clearly satisfies the Strickland requirement of objective reasonableness.
 
 
 6
 At the time of Pear's sentencing, the only cases raising the issue of whether marijuana cuttings are plants for purposes of sentencing were from other jurisdictions. The issue had not been decided in this Circuit until more than three years after Pear's sentencing, when in March of 1993 the Edge opinion was filed. In fact, the only cases addressing the issue--again, from other jurisdictions--were decided after Pear's sentencing in January of 1990. See United States v. Marlbrough, 922 F.2d 458, 461-65 (8th Cir. December 28, 1990), cert. denied, 111 S.Ct. 2907 (1991); United States v. Carlisle, 907 F.2d 94, 96 (9th Cir. June 28, 1990); United States v. Fitol, 733 F.Supp. 1312, 1315 (D.Minn. April 6, 1990). Further, there is no indication in the record before us that Pear himself felt uncomfortable with the characterization of his cuttings as plants. At sentencing, the plea colloquy at one point focused on the plants being grown by Pear.
 
 
 7
 THE COURT: How much marijuana were you growing?
 
 
 8
 DEFENDANT PEAR: In units, there was [sic] approximately 400 plants. In weight and quantity, I do not know.
 
 
 9
 THE COURT: These 400 plants were at your residence?
 
 
 10
 DEFENDANT PEAR: Yes.
 
 
 11
 THE COURT: Were they being tended or cultivated by you?
 
 
 12
 DEFENDANT PEAR: Yes.
 
 
 13
 THE COURT: You knew this was illegal?
 
 
 14
 DEFENDANT PEAR: Yes.
 
 
 15
 THE COURT: Knowing it was illegal, why were you doing it?
 
 
 16
 DEFENDANT PEAR: Because I--I'm addicted to marijuana, and I wanted to provide it for myself.
 
 
 17
 THE COURT: Four hundred plants for yourself?
 
 
 18
 DEFENDANT PEAR: Yes. There are many methods of growing. The method that I was using produced very little marijuana per plant, and so it was a method of putting many small plants in a small area together. It didn't--it's just a particular method of approaching it. Some plants can yield a couple of grams of smokeable marijuana, some can yield several pounds, depending on how you grow it. My method was a very small quantity per plant method.
 
 
 19
 THE COURT: These plants came from seed?
 
 
 20
 DEFENDANT PEAR: Yes, initially.
 
 
 21
 This colloquy reveals that Pear felt comfortable referring to his cuttings as plants. The basis of the Edge rule is that Congress intended "plant" to have its ordinary meaning. Edge, 989 F.2d at 876-78. Here, Pear himself used the word in its ordinary meaning to describe the marijuana. In this light, it is far from objectively unreasonable for defendant's counsel not to have raised and contested the issue.
 
 IV.
 
 22
 Finally, Pear contends that it was error for the District Court not to have held an evidentiary hearing on the issues raised in his petition for relief. Our review above of the substantive issues raised by Pear reveals no issue that cannot be determined on the record. Since an evidentiary hearing is unnecessary where the record on a § 2255 motion conclusively shows that a petitioner is not entitled to relief, Baker v. United States, 781 F.2d 85, 92 (6th Cir.), cert. denied, 479 U.S. 1017 (1986), the District Court did not err in this regard.
 
 V.
 
 23
 For the reasons stated above, we AFFIRM the District Court's denial of relief.