38 F.3d 1219
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jeanette Sangrey DEMONTINEY, Defendant-Appellant.
 No. 94-30026.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 3, 1994.
Decided Oct. 17, 1994.
 
 Before: LAY*, TROTT, T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jeanette Sangrey Demontiney appeals the sentence imposed upon her guilty plea for six counts of conspiracy and theft of government money. 18 U.S.C. Secs. 2, 371, 641. We vacate Demontiney's sentence and remand for resentencing.
 
 
 3
 Demontiney challenges her sentence on two grounds. She first argues that the district court erred by denying her a three-level reduction to her base offense level for acceptance of responsibility. See U.S.S.G. Sec. 3E1.1. Whether a defendant has accepted responsibility for his or her crime is a factual finding reviewed for clear error. United States v. Gonzalez, 897 F.2d 1018 (9th Cir.1990). Demontiney also argues that the district court erred by allowing a four-level increase to her base offense level for her aggravating role in the offense. See U.S.S.G. Sec. 3B1.1. The district court's decision regarding the defendant's role in the offense is reviewed for clear error. United States v. Carvajal, 905 F.2d 1292 (9th Cir.1990).
 
 
 4
 The district court made no specific statement or factual findings on Demontiney's acceptance of responsibility and role in the offense. It is unclear from the record whether the district court considered or resolved Demontiney's objections to the presentence report ("PSR"). In fact, the record suggests that the district court approached Demontiney's sentence in a manner that would have been customary before the enactment of Sentencing Guidelines, but no longer. Accordingly, we vacate Demontiney's sentence and remand for resentencing and respectfully instruct the district court to adhere to the Sentencing Guidelines and to make the necessary findings required to resolve the challenges Demontiney makes to the factual findings in the PSR. See United States v. Carlisle, 907 F.2d 94 (9th Cir.1990).
 
 
 5
 We conclude, however, that any denial by the district court of a two-level reduction for acceptance responsibility would be clearly erroneous, and we instruct the district court to give her such a reduction. The PSR recommended against a downward departure solely for the reason that Demontiney had not yet submitted a requested written statement of her involvement in the offense. Subsequent to the preparation of the PSR, Demontiney did prepare such a statement and submitted it to the probation office and the district court. The letter written by Demontiney to express her acceptance of responsibility, taken in conjunction with her six-count plea of guilty, is sufficient to entitle her to a two-level reduction to her base offense level for acceptance of responsibility under U.S.S.G. Sec. 3E1.1(a).
 
 
 6
 Whether Demontiney is entitled to a further one-level reduction under U.S.S.G. Sec. 3E1.1(b)(2), however, will depend on whether her base offense level comes to 16 or greater. Thus, the district court will have to explicitly identify her base offense level as well as consider again whether Demontiney's role in the offense was aggravated to the various extents described in U.S.S.G. Sec. 3B1.1(a), (b), and (c). The district court shall explain on the record its findings and conclusions in this regard.
 
 
 7
 The downward departure for a circumstance not adequately taken into consideration by the Sentencing Commission (prior physical and mental abuse), see Sec. 5K2.0, was not challenged, and it may again be implemented when Demontiney is resentenced.
 
 
 8
 VACATED AND REMANDED.
 
 
 
 *
 The Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3