39 F.3d 1190
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Clarence D. WILLIAMS, Defendant-Appellant.
 No. 94-30115.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1994.*
Decided Nov. 8, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Clarence D. Williams, a federal prisoner, appeals the district court's denial of his 28 U.S.C. Sec. 2255 motion to modify or vacate his conviction and 63-month sentence imposed following his guilty plea to manufacturing marijuana and establishment of a manufacturing facility. Williams contends the district court erroneously found that he received effective assistance of counsel at the time of plea and at sentencing. We have jurisdiction under 28 U.S.C. Sec. 1291. We review de novo the district court's denial of a section 2255 motion and for clear error the court's underlying factual findings. Doganiere v. United States, 914 F.2d 165, 167 (9th Cir.1990), cert. denied, 499 U.S. 940 (1991). We affirm.
 
 
 3
 * Guilty Plea
 
 
 4
 Williams claims that his guilty plea was invalid because his counsel gave him erroneous advice about his potential sentence.
 
 
 5
 In order to show that a guilty plea is involuntary based upon the ineffective assistance of counsel, the defendant must show that there is "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). An attorney's incorrect prediction of a sentence is deficient only if it is a "gross mischaracterization of the likely outcome" of a plea bargain "combined with ... erroneous advice on the possible effects of going to trial." Iaea v. Sunn, 800 F.2d 861, 865 (9th Cir.1986); see United States v. Keller, 902 F.2d 1391, 1394 (9th Cir.1990).
 
 
 6
 William's counsel did not grossly mischaracterize Williams's potential sentence. Counsel advised Williams that, by pleading guilty, he would increase the chance that the district court would sentence him based only upon the plants growing at his house, and not those growing at his son's house. Thus, counsel told Williams that his son's plants might be used to calculate his sentence. Because Williams did not demonstrate that the advice was deficient, his guilty plea was valid. See Keller, 902 F.2d at 1394; Iaea, 800 F.2d at 865.[1]
 
 II
 Presentence Interview
 
 7
 Williams contends that his counsel was ineffective because he failed to accompany Williams to his presentence interview.
 
 
 8
 A presentence interview does not constitute a "critical stage" in the adversarial process, and therefore, the Sixth Amendment does not require that a defendant be allowed to have his attorney present during the interview. Baumann v. United States, 692 F.2d 565, 578 (9th Cir.1982). However, as an exercise of our supervisory power, we have prescribed a procedural rule, that the probation officer must honor a defendant's request to have his attorney present during the presentence interview. See United States v. Herrera-Figueroa, 918 F.2d 1430, 1434 (9th Cir.1990).
 
 
 9
 Because Williams did not have a Sixth Amendment right to an attorney at the presentence interview, he was not denied effective assistance of counsel. See Wainwright v. Torna, 455 U.S. 586, 587-88 (1982) (finding no deprivation of effective assistance where there is no constitutional right to counsel). Furthermore, because Williams did not request the presence of his attorney during the presentence interview, no deprivation of counsel occurred during the interview. See Herrera-Figueroa, 918 F.2d at 1434.
 
 III
 Number of Plants
 
 10
 Williams contends that his counsel was deficient by failing to determine whether some of the plants used to calculate his sentence were plants or rootless cuttings from plants.
 
 
 11
 In order to prevail on an ineffective assistance of counsel claim, a defendant must show deficient performance by counsel and prejudice to the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); United States v. Swanson, 943 F.2d 1070, 1073 (9th Cir.1991). The petitioner has the burden of showing prejudice. See United States v. Palomba, 31 F.3d 1456, 1460-61 (9th Cir.1994).
 
 
 12
 At the time of Williams's sentencing, the law in this circuit was that a marijuana cutting could be counted as a plant for sentencing purposes if the cutting had roots or had the "possibility of surviving outside of its propagating unit." United States v. Carlisle, 907 F.2d 94, 96 (9th Cir.1990) (per curiam); see also United States v. Corley, 909 F.2d 359, 361-62 (9th Cir.1990) (refusing to limit definition of "plants" to mature and healthy organisms).
 
 
 13
 Here, the district court found that it was "unclear whether some of defendant's plants were unrooted cuttings." Because this finding is not clear error, Williams failed to carry his burden of showing that some of his cuttings lacked roots and, therefore, failed to demonstrate prejudice for his counsel's alleged incompetence. See Palomba, 31 F.3d at 1460-61; Doganiere, 914 F.2d at 167.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We do not address Williams's related claim, raised for the first time on appeal, that counsel was ineffective for failing to advise Williams to withdraw his guilty plea. See United States v. Mondello, 927 F.2d 1463, 1468 (9th Cir.1991) (deeming issues raised for the first time on appeal waived)