15 F.3d 1094
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Craig D. THOMPSON, Defendant-Appellant.
 No. 93-30134.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 16, 1994.
Decided Jan. 14, 1993.
 
 1
 Before: BROWNING, NORRIS, and O'SCANNLAIN, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Craig Thompson appeals his conviction and sentence for manufacturing marijuana plants in violation of 21 U.S.C. Sec. 841(a)(1). We affirm.
 
 I. FOURTH AMENDMENT CLAIMS
 A. Probable Cause
 
 4
 The magistrate had probable cause to issue the search warrant for Thompson's home. First, there was sufficient evidence linking Thompson to the importation of hashish. "The test ... is whether the facts and circumstances within the ... officer's knowledge are sufficient to warrant a prudent person to believe a suspect has committed, is committing, or is about to commit a crime. The experience and expertise of the officers involved in the investigation ... may be considered ..." U.S. v. Hoyos, 892 F.2d 1387, 1392 (9th Cir.1989). The affidavit here established 1) an identification card with false information on it was used to open mailboxes at two different locations; 2) false addresses were provided on the application forms for the mailboxes; 3) two packages of contraband were sent to these two mailboxes from outside the country and 4) Thompson repeatedly tried to pick up mail from these two boxes on behalf of the owner. The affiant, an experienced agent of the United States Customs Service, said these are activities commonly associated with importation and distribution of controlled substances.[1]
 
 
 5
 Second, there was sufficient reason to believe evidence of the importation would be found at Thompson's residence. In deciding whether "a fair probability exists of finding evidence" at the site to be searched, U.S. v. Jackson, 756 F.2d 703, 705 (9th Cir.1985), a magistrate may "rely on conclusions of experienced law enforcement officers regarding where evidence of a crime is likely to be found," U.S. v. Fannin, 817 F.2d 1379, 1382 (9th Cir.1987). The Customs agents traced Thompson's pick-up truck to his residence, verified he actually lived there and observed the truck parked in the driveway. Considering the "type of crime, the nature of items sought, the suspect's opportunity for concealment and normal inferences" about where such evidence might be hidden under the circumstances, Jackson, 756 F.2d at 705, there was a fair probability that some of the documents called for by the warrant would be at Thompson's home. See U.S. v. Angulo-Lopez, 791 F.2d 1394, 1399 (9th Cir.1986) ("In the case of drug dealers, evidence is likely to be found where the dealers live."). See also U.S. v. Ayers, 924 F.2d 1468, 1479 (9th Cir.1991); Fannin, 817 F.2d at 1382.
 
 B. Omissions from Affidavit
 
 6
 The district court properly denied Thompson's request for a Franks hearing. To obtain such a hearing, a defendant must make a "substantial preliminary showing that 1) the affiant intentionally or recklessly omitted facts required to prevent technically true statements in the affidavit from being misleading." U.S. v. Stanert, 762 F.2d 775, 781 (9th Cir.1985), and 2) "the affidavit purged of its falsities would not be sufficient to support a finding of probable cause." Id. at 780. The affidavit would still have established probable cause if it included the fact that the handwriting on the two packages did not match Thompson's, that agents never saw Thompson with William Thomas, or that Thompson was not the person shown in the picture on the identification card used by William Thomas. The government never claimed Thompson sent the packages. There was plenty of evidence that Thompson and Thomas, if not the same individual, were associated with each other. This association and Thompson's suspicious activities, by themselves, established probable cause.
 
 II. SENTENCING CLAIMS
 A. Viability of Marijuana Plants
 
 7
 The district court properly included the 48 plants in the cabinet in calculating Thompson's base offense level. A marijuana plant is viable and can be used in setting the base offense level if it has an established "root formation" and "has the possibility of surviving outside of its propagating unit." U.S. v. Traynor, 990 F.2d 1153, 1160 (9th Cir.1993). Agent Levy, who helped dismantle the growing operation, testified at the sentencing hearing that 1) all 48 plants were independently growing and between 8 and 12 inches in height; 2) in his experience, all marijuana plants of that size had established root systems; 3) he pulled two representative plants to verify the root systems were established and 4) when he cut the plants to dismantle the operation, it was necessary to create enough "tension" to slip the clippers around each stem by "grabbing the base" of the plant and "lifting" it one-half to one inch out of the rock wool; this "tension" could not have been created absent a root system. The officers were not required to check each plant individually to verify it had a viable root system, and the district court did not clearly err in finding Agent Levy's testimony more credible than Thompson's sworn statement that 25-28 of the plants did not have established root systems. U.S. v. Carlise, 907 F.2d 94, 96 (9th Cir.1990) (whether root systems are established is a factual issue reviewed for clear error).
 
 B. Intent to Manufacture
 
 8
 The district court properly included the 20-22 larger plants on the floor in calculating Thompson's base offense level. When agents searched his home, 68 plants, including the 20-22 plants on the floor, had viable root systems. Thompson admitted he intended to grow them up to that point. When he was arrested, all 68 plants had been "manufactured," and his plans to dispose of those on the floor later were irrelevant.
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or for the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Even if Thompson was not the subscriber to the mailboxes, he was associated with someone importing hashish, U.S. v. Hillison, 733 F.2d 692, 697 (9th Cir.1984), and his actions suggested to trained investigators that he participated in the importation also