56 F.3d 73
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Lanny W. BUEHL, Defendant-Appellant.
 No. 94-30378.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 2, 1995.*
Decided May 5, 1995.
 
 Before: WALLACE, Chief Judge, HUG and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lanny W. Buehl appeals his sentence after pleading guilty to second degree murder in violation of 18 U.S.C. Secs. 1153, 1111. He contends the district court erred when it refused to reduce his offense level for acceptance of responsibility pursuant to U.S.S.G. Sec. 3E1.1. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we vacate and remand.
 
 
 3
 Ordinarily, a district court's section 3E1.1 determination is entitled to great deference, United States v. Smith, 905 F.2d 1296, 1301 (9th Cir. 1990) (citing U.S.S.G. Sec. 3E1.1, comment. (n.5)), and will not be disturbed unless the court's decision is without foundation, United States v. Gonzalez, 16 F.3d 985, 990 (9th Cir. 1994). When, however, the defendant objects to the recommendation of the presentence report (PSR) against a section 3E1.1 reduction, and the district court fails either to make specific findings on the issue or adopt the conclusions in the presentence report, a remand is necessary. United States v. Carlisle, 907 F.2d 94, 96 (9th Cir. 1990); see also United States v. Brady, 928 F.2d 844, 848 (9th Cir. 1991) (in order for appellate court to defer to trial court's acceptance of responsibility determination, record on the issue must be clear); cf. United States v. Marquardt, 949 F.2d 283, 285 (9th Cir. 1991) (when district court states on the record that defendant failed to demonstrate a recognition and affirmative acceptance of responsibility, no statement of reasons for this finding is required unless a factual dispute remains unresolved).
 
 
 4
 At sentencing, Buehl expressly objected to the recommendation of the PSR against a section 3E1.1 reduction. On appeal, Buehl argues that he accepted responsibility by admitting his criminal conduct and expressing remorse for his deeds.[1] The government disagrees, noting that the probation officer found Buehl's remorse insincere and his conduct during pre-trial release inconsistent with accepting responsibility. We are unable to review this issue because when the district court sentenced Buehl to 168 months' imprisonment, it did not address Buehl's objection to the PSR or adopt the conclusions of the PSR on this issue. Consequently, a remand is necessary. See Carlisle, 907 F.2d at 96.[2]
 
 
 5
 VACATED and REMANDED for further proceedings consistent with this memorandum.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 See Gonzalez, 16 F.3d at 991 (so long as a defendant shows remorse and fully admits his criminal conduct, a section 3E1.1 reduction is appropriate even if defendant is less than candid about his motivations for committing the crime); see also U.S.S.G. Sec. 3E1.1, comment. (n.1) (to qualify for a section 3E1.1 reduction, a defendant is not required to volunteer or affirmatively admit relevant conduct beyond the offense of conviction); cf. Smith, 905 F.2d at 1301-02 (defendant has not accepted responsibility if he minimizes his involvement in the offense); United States v. Munster-Ramirez, 888 F.2d 1267, 1273 (9th Cir. 1989) (defendant has not accepted responsibility if he admits his involvement in the offense but puts responsibility off on someone else), cert. denied, 495 U.S. 920 (1990)
 
 
 [2]
 We have not determined whether the record contains sufficient evidence of acceptance of responsibility to support a section 3E1.1 reduction