85 F.3d 638
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lanny W. BUEHL, Defendant-Appellant.
 No. 95-30246.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 8, 1996.*
Decided May 13, 1996.
 
 1
 Before: PREGERSON and TASHIMA, Circuit Judges, and JONES, District Judge**.
 
 
 2
 MEMORANDUM***
 
 
 3
 Defendant-Appellant Lanny W. Buehl (Buehl), pled guilty to murder in the second degree on July 19, 1994. He requested a two point reduction for acceptance of responsibility at sentencing, which the district court denied. Buehl now appeals, and claims that the two point reduction was improperly denied. We affirm.
 
 FACTUAL BACKGROUND
 
 4
 Buehl and his co-defendant (KBC), attempted to join a house party on the Blackfeet Indian Reservation in Browning, Montana, on the evening of November 28, 1992. Buehl engaged in a fight with a person attending the party, and then left the party. Subsequently, he and KBC obtained a rifle from KBC's residence and returned to the house party with the rifle. Several other persons attending the party confronted Buehl, and he opened fire on the group, killing a youth named Scott Little Dog and wounding another youth named Scott Osborne. Buehl and KBC fled. Officers later found them hiding underneath a neighbor's house.
 
 
 5
 The government originally charged Buehl with two counts of juvenile delinquency (he was 16 years old at the time of the incident). The government then moved to transfer Buehl to adult status pursuant to 18 U.S.C. § 5032, which was granted by the district court. This court upheld the grant of that motion. United States v. Lanny B., No. 93-30302 (9th Cir.1994) (unpublished). The government subsequently indicted Buehl for first degree murder and assault. Buehl pled guilty to Murder in the 2nd degree on July 19, 1994, in exchange for dismissal of the first degree murder charge (which carries a mandatory life sentence) and the battery charge.
 
 
 6
 Buehl requested a two point reduction for acceptance of responsibility at sentencing. The District Court denied his request and appealed. This court remanded the case for resentencing because "the district court did not address Buehl's objection to the PSR or adopt the conclusions of the PSR on the issue." United States v. Buehl, No. 94-30378, 56 F.3d 73 (Table) (9th Cir. May 2, 1995).[1] Upon remand, the district court adopted the findings of the presentence report and again denied Buehl's request for a two point reduction for acceptance of responsibility.
 
 STANDARDS OF REVIEW
 
 7
 Whether or not a defendant has accepted responsibility for his crime is a factual determination that is reviewed for "clear error." United States v. Gonzalez, 897 F.2d 1018, 1019 (9th Cir.1990). The court of appeals shall accept the findings of fact of the district court "unless they are clearly erroneous and shall give due deference to the district court's application of the guidelines to the facts." 18 U.S.C. § 3742(e) (1988). "The sentencing judge is in a unique position to evaluate the defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference and should not be disturbed on review without foundation." U.S.S.G. § 3E1.1
 
 DISCUSSION
 
 8
 A decrease of two offense levels should be granted where a "defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1[2] The defendant must demonstrate he is entitled to such a reduction, United States v. Farmer, 32 F.3d 369, 372 (8th Cir.1994); merely pleading guilty does not entitle a defendant to a reduction. U.S.S.G. § 3E1.1, comment note 3. Whether a reduction should be granted depends on a defendant's demonstration of "genuine remorse" or "conscience." United States v. Dorvak, 41 F.3d 1215, 1217 (7th Cir.1994); United States v. Burrows, 36 F.3d 875, 883 (9th Cir.1194). (acceptance of responsibility denied to a defendant who admitted his actions, but placed responsibility of the crime on others).
 
 
 9
 The court made four specific factual findings at Buehl's resentencing which rendered a two level reduction for acceptance of responsibility inappropriate:
 
 
 10
 (1) He attempted to destroy the murder weapon, and avoid detection by hiding under a crawlspace of a house;
 
 
 11
 (2) following his arrest, he violated the terms of his pretrial release by
 
 
 12
 (i) becoming intoxicated,
 
 
 13
 (ii) tampering with an electronic device designed to monitor his location, and
 
 
 14
 (iii) assaulting his grandmother, a police officer, and his probation officer;
 
 
 15
 (3) He did not show any remorse for his conduct at sentencing;
 
 
 16
 (4) In a letter to his probation officer, he attempted to minimize and rationalize his shootings by contending he was responding to threats by the victim, when the evidence indicates to the contrary and that he shot one victim in the back.
 
 
 17
 (CR 51).
 
 
 18
 We conclude that the district court's findings of fact are not clearly erroneous. Buehl falsely asserted that the rifle was destroyed by accident, and that he was hiding because he was scared. He also tried to excuse his behavior on alcohol abuse. Moreover, Buehl's own written description of the shootings belie his contention that he has accepted responsibility for his acts because he maintains that acquiring the murder weapon was KBC's idea, and that the victims provoked the altercation by approaching him and attempting to take the rifle. According to Buehl's description of the events, he did not intend to harm anyone. This is hardly an acceptance of responsibility.
 
 CONCLUSION
 
 19
 In sum, Buehl has not shown that the findings of the district court were clearly erroneous, nor has he demonstrated that he has accepted responsibility for his crime. He therefore is not entitled to a two level reduction for acceptance of responsibility, and the district court's decision is AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 The Honorable Robert E. Jones, United States District Judge, District of Oregon, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Cited as law of the case, this is an unpublished opinion
 
 
 [2]
 Note 1 of the commentary to U.S.S.G. § 3E1.1. provides a list of appropriate consideration in determining whether a defendant has accepted responsibility. They include:
 (a) truthfully admitting and not falsely denying any relevant conduct for which the defendant is accountable;
 (b) voluntary termination or withdrawal from criminal conduct or associations;
 (c) voluntary payment of restitution prior to adjudication of guilt;
 (d) voluntary surrender to authorities promptly after commission of the offense;
 (e) voluntary assistance to authorities in the recovery of the fruits and instrumentalities of the offense;
 (f) voluntary resignation from the office or position held during the commission of the offense;
 (g) post-offense rehabilitative efforts (e.g. counseling or drug treatment); and,
 (h) the timeliness of the defendant's conduct in manifesting the acceptance of responsibility.